[No. 2,352.]

## HORACE ALLEN v. JOHN CURREY.

BILL OF REVIEW FOR NEW TRIAL.—A bill of review for a new trial must be filed within the time allowed by law for the prosecution of an appeal, or writ of error, in the original cause, a review of which is sought.

BILL TO SET ASIDE A JUDGMENT AS FRAUDULENT.—A bill of review to set aside a judgment as fraudulent will not be sustained on the ground that the opposing party was sworn as a witness in the case in which the judgment was rendered, and knew of a fact which, if proved, would have given judgment to the other party, and failed to disclose it, and witnesses have since been discovered who will testify to such fact.

APPEAL from the District Court of the Fifteenth Judicial District, Contra Costa County.

The facts out of which this case arose are stated in *Currey* v. *Allen*, 34 Cal. 254. The complaint in this case averred that Currey recovered a judgment against Joaquin Y. Castro on the 24th day of October, 1855; that an execution was issued October 26th, 1855; and the Sheriff, on the 29th day of November, 1855, sold the land, and that plaintiff became the purchaser, and received the Sheriff's certificate of sale; and that the Sheriff, on the 25th of April, 1863, gave him a deed; that on the 24th of August, 1865, Currey brought suit to have him declared a trustee, and to compel him to convey to him (Currey); and that Currey was a witness on the trial, and testified that Allen bought as his agent, and for him; and that Allen was a witness, and testified that he did not buy as Currey's agent, and that no

other witnesses were sworn. The complaint then recited the judgment in the former cause, and the affirmation of the same in the Supreme Court; and that Allen had since discovered new evidence, to wit, that of Joseph Emeric. This suit was commenced in June, 1869.

The other facts are stated in the opinion.

*A. W. Sweet,* for Appellant.

The suppression of facts material to an issue, where the party is in conscience bound to reveal them, is fraud. (See 1 Story Eq. Jur., Sec. 187 ; 1 Story Eq. Jur., Secs. 204–207 ; Page's Eq. R. 390, Sec. 2; Page's Eq. R. 394, Sec. 4.) Fraud taints, and when shown, will set aside and annul all contracts and judgments and decrees, either in law or in equity; and equity Courts have, from time immemorial, had unlimited jurisdiction over all cases of fraud, whether the fraud consists in contract, or in obtaining a judgment in a Court of last resort.

*H. Allen,* also for himself.

A bill of review will be entertained in equity when it appears on the face of the pleadings that the former decree is against law, or when there is newly discovered evidence that could not have been brought before the Court in any manner, before the final determination of the case. (2 Barbour's Ch. Prac. 90–93.)

*S. F. & L. Reynolds,* for Respondent.

The proposed evidence, if proven by Emeric, would be only cumulative to that of Allen, tending only to discredit that of Currey, and to corroborate that of Allen. It has been long established as a just and reasonable practice not to grant a new trial to introduce new witnesses or new evidence to points before in controversy. There would be no safety in trials upon any other doctrine. And in no case

will a new trial be granted on the ground of newly discovered evidence, which does not relate to new facts but goes only to corroborate the testimony given at the former trial; or which consists merely of cumulative facts or circumstances, relative to the same matters controverted at the former trial. (*Smith* v. *Bush*, 8 John. 84; *Pike* v. *Evans*, 15 John. 210; *Steinbach* v. *Columbian Co.*, 2 Caines, 129; *Taylor* v. *Stage Company*, 6 Cal. 228–230; *Blockenbaum* v. *Pierson*, 22 Cal. 160–163; *Live Yankee* v. *Oregon Co.*, 7 Cal. 40–42.) If the bill in this cause shall be considered as of review, then it should have been filed within one year after the decree in the former case was entered. The well settled rule of England is, that such a bill will not lie after the time when a writ of error to a judgment at law could be brought. That time there was twenty years. (Story's Eq. Pleadings, Sec. 410; *Smith* v. *Clay*, Ambl. R. 645; Cooper Eq. Pleadings, 91.) Here the time for an appeal or writ of review is one year.

By the Court, CROCKETT, J.:

In the action of *Currey* v. *Allen* the precise point in issue was whether or not Currey had authorized Allen to bid in the land in contest, at the execution sale, in Allen's name and for his own benefit; or whether, in bidding it in, Allen was acting only as the agent and attorney of Currey. This was the only point in contest; and each of the parties testified in his own behalf, and there was no other evidence in the cause. The judgment was in favor of Currey; and after a motion for a new trial, which was denied, Allen appealed to this Court. On the hearing of the appeal the judgment was affirmed (34 Cal. 254), and thereupon Allen conveyed to Currey the title he had acquired at the execution sale, as he was required to do by the judgment.

The present action is in the nature of a bill of review, or

for a new trial, on the ground of newly discovered evidence, to the effect that Currey, many months prior to the former action, had admitted, in a conversation with one Emeric, that he had authorized Allen to bid in the land in his own name and for his own benefit, and that he (Currey) had no interest whatever in the land. The District Court sustained a demurrer to the complaint, and entered a final judgment for the defendant; from which judgment the plaintiff has appealed.

If the complaint be treated as a bill of review, the application for relief came too late. Nearly three years had elapsed after final judgment of the District Court in the former action before the complaint in this case was filed; and it is well settled that Courts of equity will not entertain a bill of review after the time within which an appeal or writ of error may be prosecuted. The repose of society demands that when a controversy has been ended by the final judgment of a Court, it shall not be reopened except within a reasonable time; and in respect to bills of review, Courts of equity have adopted, as a reasonable period within which they may be prosecuted, the time allowed by law for the prosecution of an appeal or writ of error. (Story Eq. Pl. Sec. 410; *Smith* v. *Clay*, Ambler R. 645; Cooper Eq. Pl. 91; *Thomas* v. *Harrie*, 10 Wheaton R. 146.)

Tested by this rule, and treating the complaint as a bill of review, the Court below properly refused to entertain it, because it came too late. But the plaintiff claims that the judgment in the former action was obtained by means of a fraudulent suppression, by the present defendant, of the facts of the transaction, and ought, therefore, to be set aside on the ground of fraud. The fraud imputed to the defendant is his alleged failure to disclose at the trial the fact that he had authorized the plaintiff to bid in the land in his own name

and for his own benefit; but it is said that instead of admitting this fact, as he ought to have done, the defendant denied it, when testifying in his own behalf; and it is proposed to prove the truth of this allegation by the testimony of Emeric, in addition to that of the plaintiff himself. It is not pretended that any new fact has occurred, since the former trial, to vary the rights of the parties, nor that the plaintiff was then ignorant of the facts of the transaction. All that he has since discovered is some additional testimony tending to sustain his theory of the facts, and to rebut that of the defendant. But it is quite evident that if a judgment could be set aside as fraudulent on such a showing as this, litigation would be interminable. If, on another trial, the plaintiff should still fail to maintain his case, he might, on the same theory, thereafter institute a new action on the discovery of additional evidence, and so on *ad infinitum.* If the losing party were permitted to assail the judgment as fraudulent, on the ground that his adversary knew the facts to be as he claimed them to be at the trial and failed to disclose them, and that he has since discovered some additional evidence tending to prove them, a judgment, instead of being a " final determination of the rights of the parties," as defined by the statute, would be little else, in its legal effect, than an order to show cause why it should not be set aside.

Judgment affirmed.