[No. 13628. In Bank. — May 9, 1890.]

## IN THE MATTER OF THE ESTATE OF RICHARD GRIFFITH, DECEASED. JAMES STANLEY, APPELLANT.

PROBATE PRACTICE — PETITION FOR REVOCATION OF LETTERS OF ADMINISTRATION — PRESUMPTION AS TO EXISTENCE OF JURISDICTIONAL FACTS — NOTICE — RESIDENCE. — If a petition for the revocation of letters of administration does not show that the jurisdictional facts did not exist, it will be presumed for the purposes of the application that they did exist. So held as to the facts of notice and residence.

ID. — ORDER APPOINTING ADMINISTRATOR — ADJUDICATION OF JURISDICTIONAL FACTS. — An order appointing an administrator, made upon a petition setting forth the jurisdictional facts, amounts to an adjudication of the existence of such facts.

ID. — NOTICE OF APPLICATION FOR LETTERS OF ADMINISTRATION — INSTANCE. — No other notice of an application for letters of administration than that prescribed by statute is required. Where the public administrator of one county applies for letters, it is not necessary to send notices to the public administrator of any other county.

ID. — JURISDICTIONAL FACTS — RESIDENCE — COLLATERAL ATTACK. — The residence of the deceased in the county where the application is made is one of the jurisdictional facts which the court must determine from the evidence before it. Such determination, although it may be erroneous, is valid until set aside in some appropriate proceeding. It cannot be attacked collaterally.

PUBLIC ADMINISTRATOR — APPLICATION FOR REVOCATION OF LETTERS — WHO MAY MAKE. — Section 1383 of the Code of Civil Procedure does not authorize an application by the public administrator of one county for the revocation of letters issued to the public administrator of another county.

RELIEF AGAINST DEFAULT — APPLICATION UNDER SECTION 473 — SEPARATE SUIT FOR RELIEF. — An application under section 473 of the Code of Civil Procedure must be by proceeding in the cause wherein the default was taken, and not by separate suit for relief against the judgment.

RELIEF IN EQUITY AGAINST A JUDGMENT — ERRORS IN LAW OR FACT — FRAUD — FAILURE OF PARTY TO INTRODUCE EVIDENCE KNOWN BY

HIM TO EXIST. — A separate suit to set aside a judgment cannot be maintained on account of mere errors of law or fact in the first suit. Nor can it be maintained on account of fraud in a matter examined in the first suit, and upon which the judgment therein was based. The frauds for which equity grants relief against judgments are those which are extrinsic, or collateral to the matter tried in the first suit. The mere failure of a party to introduce evidence known by him to exist does not amount to such fraud.

APPEAL from an order of the Superior Court of San Joaquin County denying a petition to revoke and set aside an order granting letters of administration.

The facts are stated in the opinion of the court.

*Hall & Earl, Louttit, Woods & Levinsky,* and *Morrow & Stratton* for Appellant.

*Baldwin & Campbell,* for Respondent.

The COURT. — Upon the argument of this case in Bank we are satisfied with the decision heretofore rendered in Department as correct, and the same will stand as the decision of the court.

Order affirmed.

So ordered.

BEATTY, C. J., dissented.

The following is the decision above referred to, rendered in Department on the 31st of March, 1890: —

HAYNE, C. — This was an application by James Stanley, public administrator of Alameda County, to the Superior Court of San Joaquin County, for the revocation of the appointment of John Gambetta, the public administrator of San Joaquin County, as administrator of the estate of Richard Griffith, deceased. The amended petition showed substantially the following facts: —

Richard Griffith died intestate in San Joaquin County, leaving estate therein and also in Alameda County, and being at the time of his death a resident of Alameda

County. The petition of Gambetta for administration was filed in the Superior Court of San Joaquin County on June 24, 1889. Two days afterward, Stanley filed his petition for administration in the Superior Court of Alameda County. The petition first filed came on to be heard first, and on July 6th the San Joaquin court appointed Gambetta administrator of the estate, and issued letters to him. Two days afterward, the Alameda court appointed Stanley administrator, and issued letters to him. The two courts apparently were in ignorance of each other's proceedings; and Stanley "did not know or receive any notice or have any knowledge of the said petition of John Gambetta, or of the hearing of the same, and only first heard of the same on the ninth day of July, 1889." The petition for revocation also alleges certain facts for the purpose of showing fraud on the part of Gambetta, which will be considered below.

Gambetta filed a demurrer to the petition for revocation and also certain affidavits. The court sustained the demurrer, and afterward made an order denying the petition, and Stanley appeals.

The petition for revocation does not allege that the notice required by law was not given. It alleges merely that Stanley *received* no notice and had no knowledge of the proceeding. But the law does not require that he should receive notice, or that any should be sent to him. It requires merely that a certain notice should be posted. (Code Civ. Proc., sec. 1373.) That was all the notice that was necessary. And as the petition does not allege that it was not posted, it must be presumed that it was. Nor does the petition for revocation allege that Gambetta's petition for administration was in any way defective, and, therefore, it must be presumed that such petition for administration set forth all the facts necessary to give jurisdiction, among which was the fact of residence in San Joaquin County. And the order made upon such petition was an adjudication that such fact

existed. And while such residence was jurisdictional, it was one of those jurisdictional facts which the court must determine from evidence produced before it, and whose determination is valid until set aside in some proper manner, notwithstanding that it was mistaken in its view of the evidence, or that other evidence could have been produced which would have required a different determination. The judgment cannot be attacked collaterally. This precise point was decided in *Irwin* v. *Scriber*, 18 Cal. 500 (see also Freeman on Judgments, sec. 608), and seems clear upon principle.

The appointment of Gambetta being valid until set aside, it follows that the subsequent appointment of Stanley—upon a petition filed after Gambetta's—was void; for there cannot be two valid administrations at the same time in this state. (Compare *Estate of Hamilton*, 34 Cal. 468.) And in a case like this the court which first gets jurisdiction by proper proceedings has the authority to act. The proceedings of the Alameda court, therefore, do not aid the petitioner. This is conceded by the counsel for the appellant. But as they proceed to remark, he "is in no worse position by virtue of a void appointment than if the latter had never been made." And the question arises whether the first appointment (which, as we have seen, is not void) can be set aside in this proceeding.

In this regard it is to be observed that there is no provision in the part of the code relating to probate practice which authorizes the proceeding. There is a provision which authorizes certain specified persons to file a petition for the revocation of letters of administration granted to other persons. (Code Civ. Proc., sec. 1383.) But the appellant is not one of the persons therein specified. And his counsel concede that the provision does not apply to the case.

If, therefore, relief is to be had under any provision of statute, it must be by virtue of some general provision

of the Code of Civil Procedure, and as the proceeding is certainly not a motion for new trial, the only provision which can possibly apply is section 473 of the Code of Civil Procedure, which provides, among other things, for relief against judgments by default. We do not think it necessary to express an opinion as to whether that section applies or not. If it be assumed in favor of the appellant that it applies, and, further, that the petition here can be considered as a proceeding under it, we are not prepared to say that the order should be reversed upon the evidence. The petition first filed was accompanied by the affidavit of six persons, which stated in a somewhat general way that the deceased was a resident of Alameda County, and had his home and place of business there. These affidavits were not renewed with the amended petition. The counsel for the appellant expressly state that they "were not renewed with the amended petition." And it is impossible to say that they were considered as before the court upon the amended petition. The respondent, however, filed four affidavits upon the amended petition, tending to show that the deceased was a resident of San Joaquin County. In this condition of affairs, even if it be assumed that the proceeding is an application for relief under section 473, it cannot be said that the decision of the court was wrong upon the evidence.

In order to avoid this, the counsel for the appellant treat the petition as a pleading whose allegations are admitted by demurrer. They refer to the affidavits as "seemingly being filed to give moral support to the application," and say, "the affidavits never should have had a place in the case, and both by reason of the action of the court and upon principles of law, they must pass out of consideration. The demurrer, however, admits the facts as charged to be true, *and it is upon this showing that the appellate court must pass.*"

Now, since there is no provision in the probate pro-

cedure authorizing the proceeding, the only theory upon which the allegations of the petition could be admitted by a demurrer is, that the petition is in effect a complaint in a separate proceeding. And upon this theory the application could not be under section 473, for that section contemplates a motion in the cause in which the default was taken, and not a separate suit with separate pleadings and all the attendant machinery and delay. Upon the theory of counsel, therefore, the petition is to be passed upon as if it were a complaint in a separate suit to set aside a judgment.

Then, does the petition set forth facts upon which a suit to set aside a judgment could be maintained? We do not think that it does.

It is entirely clear that a separate suit cannot be maintained by reason of mere errors of law or fact in a matter which was examined in the first suit. (*Collins v. Butler*, 14 Cal. 226.) The petition, however, attempts to show more than this. Aside from want of jurisdiction, which we have already considered, it seems to proceed upon the ground of fraud. But the only circumstances which can possibly be claimed to constitute fraud are two. In the first place, it is alleged that before Gambetta applied for letters he offered to divide his commissions with a nephew of the deceased if such nephew " would allow said Gambetta to procure administration upon said estate in San Joaquin County." But if it be assumed that such an arrangement, if carried into effect, would constitute fraud against the petitioner, it is not alleged that it was carried into effect or that it was agreed to be. The petition is silent as to whether the proposal was accepted or rejected.

In the second place, it is alleged that Gambetta knew that the deceased was not a resident of San Joaquin County, and knew that his name appeared on the great register of Alameda County, and did not disclose the same to the court. But the failure of a party to intro-

duce evidence, known to him to exist, tending to over-throw his case, is not ground for a suit to set aside the judgment. (*Allen* v. *Currey*, 41 Cal. 318.) It is not a fraud which is extrinsic or collateral to the matter examined in the first suit. The rule in this regard was laid down in the important case of *United States* v. *Throckmorton*, 98 U. S. 61. There it was held that a suit could not be maintained to set aside a judgment confirming a Mexican grant, although it appeared that the confirmee had procured the grant to be falsely and fraudulently antedated, and had supported it by perjured testimony suborned by himself. And Miller, J., delivering the opinion, said: "The acts for which a court of equity will, on account of fraud, set aside or annul a judgment or decree between the same parties, rendered by a court of competent jurisdiction, have relation to frauds extrinsic or collateral to the matter tried by the first court, and not to a fraud in a matter upon which the decree was rendered." The principle laid down in this case is in accordance with the weight of authority, and is required by far-reaching considerations of public policy.

In the case before us the question as to the residence of the deceased was alleged in the petition and passed upon by the court; and the decision in the Throckmorton case applies.

It makes no difference that the petitioner did not know of the proceeding in the San Joaquin court. If the notice required by the statute was given, the judgments of probate courts bind everybody, whether they had actual knowledge or not, except where it is otherwise expressly provided. And, as we have seen, it must be held upon the allegations of the petition that the notice required by the statute was given.

We therefore advise that the order appealed from be affirmed.

VANCLIEF, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the order appealed from is affirmed.

Rehearing denied.