[Sac. No. 885.    Department One. — July 24, 1901.]

## In the Matter of the Estate of FRIEDRICH W. DAMKE, Deceased.

ESTATE OF DECEASED PERSON — CONFLICT OF JURISDICTION — GENERAL AND SPECIAL ADMINISTRATION. — The superior court of a particular county, in taking jurisdiction over the administration of the estate of a deceased person for the purposes of appointing a special administrator, does not thereby secure jurisdiction over the estate for the purposes of appointing a general administrator; and if, subsequently, the superior court of another county first acquires jurisdiction of the estate for purposes of general administration, the other court should give way, and hold the proceedings before it in abeyance, until the question of the conflict of jurisdiction between them is settled by the judgment of the court first acquiring jurisdiction of the general administration.

APPEAL from an order of the Superior Court of Sacramento County appointing an administrator of the estate of a deceased person. E. C. Hart, Judge.

The facts are stated in the opinion of the court.

Avery C. White, Buck, Miller & Clark, and Gus G. Grant, for Appellant.

Bruner & Brothers, for Respondent.

GAROUTTE, J. — This is an appeal by C. C. Franklin, administrator of the estate of one Damke, deceased, from an order of the superior court of Sacramento County, made and

entered on August 4, 1900, directing general letters of administration upon said estate to be issued to S. B. Smith, public administrator of that county.  The facts of this cause are closely connected with the facts of cause " Sac. No. 898," entitled *In the Matter of the Estate of Fred W. Damke, Deceased, post*, p. 433, which involved an appeal from an order of the superior court of the county of San Joaquin appointing C. C. Franklin administrator of the estate of said deceased, and reference is herewith made to the opinion rendered upon that appeal for additional facts.

At the time appointed for the hearing of the application of the public administrator of Sacramento County for general letters of administration upon the estate of the aforesaid deceased, Franklin, public administrator of San Joaquin County, appeared and filed an opposition thereto, wherein he set out that the estate was in due course of administration in the superior court of the county of San Joaquin, and that he had by that court already been appointed administrator of the estate of said deceased.   At the hearing, evidence to this effect was offered by him, but was rejected by the court, and it is the soundness of this ruling that the present appeal has been brought to review.   At the hearing it also appeared that prior to the time when the proceedings were inaugurated in the superior court of San Joaquin County, which led up to the appointment of a general administrator of the estate of the deceased Damke, the superior court of Sacramento County had appointed Smith, the respondent herein, special administrator of the estate of said deceased.   Upon this ground it was urged by respondent that jurisdiction over the administration of said estate had been first taken by the superior court of the county of Sacramento, and that therefore the cause was pending in that court at the time the proceedings were had in the superior court of the county of San Joaquin.   Upon this state of facts the superior court of Sacramento County held that, it having first taken jurisdiction over the administration of the estate, that jurisdiction could not be interfered with by any subsequent procedure taken by the superior court of another county.   The principle invoked by the Sacramento court to sustain its jurisdiction cannot be questioned.   But it has been held in the opinion filed this day in the cause appealed from the superior court of the county of San Joaquin, and numbered

"Sac. No. 898," that the superior court of Sacramento County in taking jurisdiction over the administration for the purposes of appointing a special administrator did not thereby secure jurisdiction over the estate of the deceased for the purpose of appointing a general administrator. With that declaration of the law the court is entirely satisfied. It necessarily follows that when the order from which the present appeal was taken was made in this case, the administration of the estate of Damke was progressing in the superior court of an adjoining county, which court had taken jurisdiction of the proceeding prior to the filing of the petition in Sacramento County for the appointment of a general administrator.

In view of what has been said, the conclusion necessarily follows, that the superior court of Sacramento County, upon the question of jurisdiction, should have given way, and allowed the superior court of San Joaquin County to conduct the further administration of the estate. It is not intended to intimate, under this rather peculiar state of facts, that the proceedings should be dismissed in the superior court of Sacramento County, but rather that they should stand in abeyance until a final judgment has been rendered in the superior court of the county of San Joaquin, holding that said court either has or has not jurisdiction over the administration of said estate.

For the foregoing reasons the order appointing a general administrator is reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.