[Sac. No. 3263. In Bank.—July 9, 1921.]

GANT W. MILLER et al., Plaintiffs, v. THE SUPERIOR COURT OF THE COUNTY OF YOLO et al., Defendants.

[1] ESTATES OF DECEASED PERSONS—DEATH OF NONRESIDENT—PROPERTY IN SEVERAL COUNTIES—JURISDICTION—PRIOR APPLICATION.—In view of section 1295 of the Code of Civil Procedure, which provides that when the estate of the decedent is in more than one county, he having died out of the state, and not having been a resident thereof at the time of his death, the superior court of that county in which application is first made for letters testamentary or administration has exclusive jurisdiction of the settlement of the estate, and action by any other court than that in which a petition is first filed, looking to the appointment of an executor or general administrator or the settlement of the estate, is in excess of its jurisdiction during the pendency of the proceeding inaugurated by the filing of such petition.

[2] ID.—APPOINTMENT OF SPECIAL ADMINISTRATOR—PENDENCY OF PROCEEDINGS FOR APPOINTMENT OF GENERAL ADMINISTRATOR IN ANOTHER COUNTY — JURISDICTION. — A special administrator being purely an emergency officer and appointed solely to conserve the property where necessary because of the absence of a qualified executor or general administrator, may be appointed by the superior court of a county in which property of the estate is situated, notwithstanding the pendency of proceedings in another county for the issuance of letters testamentary or general letters of administration.

PROCEEDING in Prohibition to restrain further proceedings in the matter of the administration of an estate of a deceased person. Dismissed.

The facts are stated in the opinion of the court.

Sullivan & Sullivan and Theo. J. Roche for Plaintiffs.

Sanborn & Roehl and De Lancey C. Smith for Defendants.

Dozier & Dozier, *Amici Curiae.*

ANGELLOTTI, C. J.—In this matter, originally commenced in the district court of appeal of the first appellate district, division one, an alternative writ of prohibition was

issued restraining defendants from proceeding further in the matter of the estate of one Francis M. Miller, deceased, and subsequently a peremptory writ was ordered issued. Upon petition to this court, this decision was vacated and a hearing ordered herein.

The only action on the part of respondents relative to the estate of Francis M. Miller is the appointment by the Yolo County superior court on February 14, 1921, of one Cora White as special administratrix of the estate of deceased, the qualification of said Cora White as such special administratrix and the issuance to her of special letters of administration, and the institution by her as special administratrix in said superior court of an action against one J. H. Miller to recover certain money alleged to belong to said deceased. It was not, and is not, suggested that respondents entertained or were threatening to entertain any proceeding looking or relating to the appointment of a general administrator or the general administration of the estate.

The claim of plaintiffs is that the Yolo County superior court was without jurisdiction to entertain any special administration proceeding or to appoint a special administrator, solely by reason of the fact of the prior inauguration and pendency in the superior court of the city and county of San Francisco of a proceeding for the probate of an authenticated copy of the will of deceased and the issuance to plaintiffs, who are nonresidents, of letters testamentary thereon, and also the issuance to them pending such admission to probate of special letters of administration.

The deceased was a resident of and died testate in the state of West Virginia. His will was there regularly admitted to probate. It appointed plaintiffs executor and executrix, and they regularly qualified in West Virginia as such, and subsequently presented a duly authenticated copy of the will for probate in this state, filing their application in the superior court of the city and county of San Francisco, alleging that deceased left property in such city and county. Their application was opposed by parties beneficially interested in the estate. Pending determination of this contest in the San Francisco superior court the Yolo County application for special letters of administration was made, based upon sufficient allegations of property in Yolo County.

Prior to the hearing in this court the application for special letters in the San Francisco superior court was denied. The necessity for a special administrator pending the appointment of an executor or general administrator is not denied. Since the submission of the matter herein, it has been represented to us by a statement filed herein, served on plaintiffs, that since the oral argument and submission the San Francisco superior court has given judgment denying the application for the admission of the will to probate and the appointment of plaintiffs as executors, on the ground that deceased left no property in the city and county of San Francisco. This judgment, however, has not become final and the pendency of the proceeding may be indefinitely protracted by an appeal.

[1] Our law provides that "wills must be proved and letters testamentary or of administration granted, . . . , 3. In the county in which any part of the estate may be, the decedent having died out of the state, and not resident thereof at the time of his death" (sec. 1294, Code Civ. Proc.), and that "when the estate of the decedent is in more than one county, he having died out of the state, and not having been a resident thereof at the time of his death, . . . , the superior court of that county in which application is first made, for letters testamentary or of administration, has exclusive jurisdiction of the settlement of the estate." (Sec. 1295, Code Civ. Proc.) It is settled that in view of this section, action by any other court than that in which a petition is first filed looking to the appointment of an executor or general administrator or the settlement of the estate, is in excess of its jurisdiction during the pendency of the proceeding inaugurated by the filing of such petition. (*Dungan* v. *Superior Court,* 149 Cal. ^98, [117 Am. St. Rep. 119, 84 Pac. 767].) The situation in this respect is the same as when jurisdiction to grant letters of administration depends on the residence of a deceased resident of this state, in which case exclusive jurisdiction exists in the court of the county in which a petition for general letters is first filed, for so long as the proceeding thus inaugurated is pending. (See *Estate of Damke,* 133 Cal. 430, [65 Pac. 889].) The question here is whether this rule is applicable in the matter of *special* letters of administration.

[2]  A special administrator is purely an emergency offi-
cer, appointed not to conduct the administration of the es-
tate, but solely to conserve the property where necessary
because of the absence of a qualified executor or general ad-
ministrator.  His powers are such generally "as may be
necessary for the preservation of the estate," and he has
nothing to do with the matter of general administration.
Such an officer may be appointed "at any time, and without
notice," and "when letters testamentary or of administra-
tion on the estate of the decedent have been granted," his
powers cease, and he must account for and forthwith de-
liver to the executor or administrator all the property and
effects of the decedent in his hands.  It is expressly provided
that no appeal lies from the order appointing him.  (Code
Civ. Proc., secs. 1411–1417.)  The whole theory as to such an
officer is that it is essential in some cases to the preserva-
tion of the property of a deceased to have some regularly
authorized person, *at once*, to gather together and hold and
care for the property of the deceased pending the issuance
of letters testamentary or general letters of administration.
The obvious design was to provide for the immediate ap-
pointment and installation of such an officer, where neces-
sary, who may exercise the limited powers essential to the
protection of the property of the estate pending the delay
incident to the installation of an executor or general admin-
istrator, and who may prevent loss or injury to the property
in just such a situation as is here presented, where such
installation may be indefinitely delayed pending final deter-
mination of the question of jurisdiction to grant letters
testamentary or of general administration.  In a sense the
proceeding for the appointment of such an officer is separate
from and independent of the general administration proceed-
ing, and the court entertaining such a proceeding has juris-
diction only for the special purposes of that character of
proceeding.  It was held in *Estate of Damke,* 133 Cal. 433,
[65 Pac. 889], that the prior appointment of a special ad-
ministrator by the court of one county in no degree affects
the question of the determination of the question of juris-
diction of proceedings for the general administration of the
estate, and that the latter question is left open for deter-
mination of an application for general letters entirely re-
gardless of the prior grant of special letters.  The same
thing was held by the supreme court of Washington in

*Stern* v. *Sill,* 39 Wash. 557, [81 Pac. 1007], where the distinction in this regard between special and general letters is noted. In both of these cases the validity of the grant of special letters was taken for granted, and in the latter case was expressly upheld. In both of these cases it is true that the grant of special letters was prior to the *filing* in the other county of a petition for general letters, but we think this is immaterial to the question here involved. The important thing is that the two kinds of proceeding are to such an extent so separate and distinct and have such different purpose that the mere pendency in one county of a proceeding looking to the appointment of an executor or general administrator, which may ultimately fail for want of showing of facts essential to jurisdiction, should not be held to operate as a limitation on the jurisdiction of the superior court of the other county to entertain and act upon an application for special letters, and that consequently the rule of *Dungan* v. *Superior Court,* 149 Cal. 98, [117 Am. St. Rep. 119, 84 Pac. 767], and *Estate of Damke,* 133 Cal. 430, [65 Pac. 889], as to the exclusive jurisdiction of the court in which the petition for general letters is first filed has no proper application in so far as the appointment of a special administrator is concerned.

Of course the law contemplates that an application for special letters shall be made only in a county the superior court of which has jurisdiction by reason of the jurisdictional facts essential to general administration in that county, such as residence of the deceased when a resident of the state, the presence of property in the county when a non-resident, etc. (Code Civ. Proc., sec. 1294.) But for the purposes of special administration, the court to which the application is addressed must determine those matters solely for the purpose of such special administration. And we think the mere fact of the pendency of an ungranted application of the same character in another county should not be held to operate as a bar to such action. Doubtless, too, where occasion arises for the appointment of a special administrator after the county of general administration has been finally determined, the application must be to the proper court of that county. But we think that under the circumstances of this case, the superior court of Yolo County, in which confessedly most of the property of the deceased is situate, did not exceed its jurisdiction in entertaining and acting upon

the application for special letters of administration, merely because of a pending application for general letters in the superior court of the city and county of San Francisco.

The question upon which this court specially requested argument was as to the jurisdiction of the district court of appeal of one district to issue a writ of prohibition against the superior court of a county beyond the limits of its district. In view of the apparent necessity of deciding speedily the question we have discussed, in order that proper measures may be taken for the immediate conservation of the property of the estate pending the contest for general administration, we have devoted ourselves to the latter question, and in view of our conclusion thereon it is not necessary to consider the question of the jurisdiction of the district court of appeal.

The alternative writ of prohibition issued by the district court of appeal is discharged and the proceeding is dismissed.

Sloane, J., Lennon, J., Lawlor, J., and Shurtleff, J., concurred.

SHAW, J., concurring.—I concur.

I wish to add another point. Section 1416 of the Code of Civil Procedure provides that the powers of the special administrator cease when letters testamentary or of general administration upon the estate are finally granted, and that thereupon the special administrator "must forthwith deliver to the executor or administrator all the property and effects of the decedent in his hands." This provision would of course apply to every special administrator, regardless of the county in which his appointment was made. It is the equivalent to a statement that the special administrator must render an account to the executor or administrator of the estate. As the jurisdiction of the estate must thenceforward be in the superior court of the county in which the general letters are granted, it should follow that the superior court of that county must have jurisdiction to require such account of the special administrator and to settle the same when it is rendered. In no other way can the affairs of the estate be assuredly settled without confusion and conflict of authority.

Wilbur, J., concurred.