[S. F. No. 10729. In Bank.—June 14, 1923.]

FRANK H. PHILLIPS, as Special Administrator, etc., Petitioner, v. THE SUPERIOR COURT et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—SPECIAL ADMINISTRATOR—SUBSEQUENT APPOINTMENT OF EXECUTOR IN ANOTHER COUNTY—DUTY OF ADMINISTRATOR TO ACCOUNT TO EXECUTOR—JURISDICTION.—Application for a writ of prohibition denied for the reasons stated in the concurring opinion of Justice Shaw in the case of *Miller* v. *Superior Court of Yolo County,* 186 Cal. 453, 458.

APPLICATION for a Writ of Prohibition to prevent the Superior Court of the City and County of San Francisco from proceeding with hearing of an order directing special administrator to show cause why account should not be filed. Thomas F. Graham, Judge. Writ denied.

The facts are stated in the opinion of the court.

Fred S. Howell for Petitioner.

THE COURT.—This is an application by petitioner, as special administrator of the estate of Margaret Quinn Springfield, deceased, for a writ of prohibition, prayed to be directed to the superior court of the city and county of San Francisco, and Thomas F. Graham, judge thereof, to prevent that court from proceeding with the hearing of an order directed to petitioner to show cause why he should not file an account of his administration of said estate in the superior court of the city and county of San Francisco.

Following the death of Margaret Quinn Springfield, petitioner, on July 21, 1920, applied to the superior court of Sonoma County for appointment as special administrator of the estate of said deceased, and was regularly appointed and thereafter qualified, and special letters were issued to him under the seal of said court. Petitioner took into his possession and custody all of the property and estate of deceased and has ever since continued to administer the same.

Subsequently to the appointment of petitioner as special administrator, a document purporting to be the last will and testament of Margaret Quinn Springfield, in which one Mary B. Farrell was named as executrix, was filed in the superior court of the city and county of San Francisco.

On or about January 18, 1921, this will was admitted to probate, and Mary B. Farrell was appointed executrix thereof and letters testamentary were issued to her.

On or about May 18, 1923, petitioner filed with the county clerk as ex-officio clerk of the superior court of Sonoma County, in which the special administration was pending, a verified account of his administration, praying for settlement thereof. Upon the date set for hearing of said petition, June 1, 1923, the matter was continued at the request of the attorney representing the executrix, Mary B. Farrell, and on June 2, 1923, said executrix, through her attorney, presented an affidavit and application and secured the issuance from the superior court of the city and county of San Francisco, of an order and citation directed to petitioner as special administrator, to show cause why an account of his administration of said estate should not be rendered by him, filed, served, and settled in and by said superior court of the city and county of San Francisco, and all of the property of said estate delivered to Mary B. Farrell as executrix of the last will and testament of Margaret Quinn Springfield.

Petitioner asks that this writ issue upon the ground that special administration proceedings now pending in the superior court of Sonoma County will be unlawfully obstructed and interfered with if the superior court of the city and county of San Francisco is permitted to proceed further with the hearing of the order to show cause.

It is the contention of .petitioner that the superior court of Sonoma County having first acquired jurisdiction of the special administration proceedings its jurisdiction became exclusive; that its order appointing special administrator is, in the absence of appeal, conclusive and final and cannot be impeached in any collateral proceeding; that the superior court of San Francisco is without jurisdiction and authority to require the special administrator to render account to it of his stewardship, and that prohibition is the

only speedy and adequate remedy available to petitioner to restrain this attempted unauthorized exercise of jurisdiction.

[1]   The application for a writ of prohibition is denied for the reasons stated in the concurring opinion of Justice Shaw in the case of *Miller* v. *Superior Court of Yolo County,* 186 Cal. 453, 458 [199 Pac. 805, 808].