[Civ. No. 16155. First Dist., Div. Two. Mar. 4, 1955.]

JOSEPHINE HOGAN, Appellant, v. DANIEL HOGAN, Respondent.

E. C. Mahoney for Appellant.

Courtney L. Moore for Respondent.

NOURSE, P. J.—This is an appeal from a judgment in favor of defendant and respondent in an action to set aside and enjoin the enforcement of a judgment previously entered by the Superior Court in and for the City and County of San Francisco in a quiet title action between the same parties.

On September 21, 1949, Daniel Hogan, the defendant and respondent in the present action, filed a complaint to quiet title and declare a trust in certain real property in San Francisco naming his wife, Josephine Hogan, appellant herein, as defendant. The complaint in the quiet title action alleged that he had purchased the property with his sole and separate funds, but caused title to be conveyed to himself and wife in joint tenancy, his wife having prior to the conveyance agreed with him that property during her husband's lifetime should be regarded as his sole and separate property, that she had no interest therein, that her husband should collect the rentals as his sole and separate property, and that she would not sell or mortgage said property during his lifetime.

It was further alleged that in violation of this agreement, Josephine Hogan on August 9, 1949, filed an action of divorce against plaintiff and gave her attorney a promissory note secured by deed of trust on said property. The answer alleged that the property was held by her in joint tenancy with her husband, denied the making of the alleged agreement that it was to be held as his sole and separate property, and admitted the making of the promissory note and deed of trust to her attorney. The answer denied that defendant had brought a divorce action, alleging that it was instead a separate maintenance suit. She alleged that she employed an attorney to protect her interest against her husband, who had forced her to support herself and seek medical care from free clinics, and that her attorney's services had been and were being rendered and that she was receiving due value in consideration of the execution of the note and deed of trust.

On June 1, 1950, the trial judge filed a memorandum opinion in which he held that the real property was the sole and separate property of respondent, but subject to the liability of the note and deed of trust because plaintiff had made it possible for the loss to fall on an innocent person. On July 10, 1950, the findings of fact were filed which stated that plaintiff had paid the wife's attorney fees incurred in the separate maintenance action. The decree quieting title in plaintiff husband was entered on August 25, 1950. No motion for new trial was made, nor was an appeal taken.

On July 17, 1953, Josephine Hogan filed her complaint in the present action to set aside the judgment in the quiet title suit, alleging in the first cause of action that the prior judgment was obtained by the false testimony of Daniel Hogan at the trial of that action, in the following particulars: (1) that

he did not intend to give his wife any present interest in the real property when he acquired it by joint tenancy deed; (2) that his wife requested that he put her name on the deed as security in event anything happened to him; (3) that he believed that she would acquire a right to the property only if she survived him; (4) that gift tax returns filed after the acquisition of the property were made at the instance of his accountant and without any request or knowledge on his part; (5) that prior to the execution of the deed he informed his wife of the understanding that said property would remain his separate property during his lifetime, and that she agreed thereto; (6) that she agreed that he should collect the rents from said property during his lifetime as his sole and separate property and that she would not sell or mortgage it.

It was alleged that after judgment was entered appellant's attorney failed and refused to advise her further, thus no motion for new trial was made and no appeal was taken; that she has been further hindered in obtaining information to prove that her husband testified falsely because he kept all records under lock and key and threatened to have appellant declared incompetent if she attempted to gain access to them or if she consulted an attorney.

Respondent demurred generally and specially. The matter was argued on August 17, 1953, and on Friday, October 9, 1953, the court made a minute order sustaining the demurrer without leave to amend. On October 14, 1953, judgment was entered. On October 29, 1953, appellant moved the court for permission to amend the complaint which was denied. On December 4, 1953, appellant moved to set aside the judgment sustaining the demurrer and to be permitted to file an amended complaint, submitting therewith a copy of the proposed amended complaint. This motion was denied after hearing on December 10, 1953.

Appellant at the outset concedes that she must allege and prove extrinsic fraud in order to successfully attack the judgment rendered against her in the quiet title suit. (*McGuinness* v. *Superior Court*, 196 Cal. 222 [237 P. 42, 40 A.L.R. 1110]; *Harada* v. *Fitzpatrick*, 33 Cal.App.2d 453, 459 [91 P.2d 941]; 15 Cal.Jur. 18, § 124; 49 C.J.S. 745, § 374.) She contends that the concealment from the court by respondent that he had made out a state gift tax return in which he described the nature of the gift as a joint interest in this property, is an instance of extrinsic fraud.

It would seem that the concealment of evidence by a

party, which if disclosed would tend to overthrow his case, is not ground for a suit to set aside a judgment. (*In re Griffith*, 84 Cal. 107 [23 P. 528, 24 P. 381]; *Allen* v. *Currey*, 41 Cal. 318; 15 Cal.Jur. 19, § 124.) And in *People* v. *Egan*, 73 Cal. App.2d 894 [167 P.2d 766], it is said that it is settled in this state that a judgment will not be set aside because it is based upon perjured testimony or because material evidence is concealed or suppressed, that such fraud both as to the court and the party against whom judgment is rendered is not fraud extrinsic to the record for which relief may be had. (And see *Pico* v. *Cohn*, 91 Cal. 129 [25 P. 970, 27 P. 537, 25 Am. St.Rep. 159, 13 L.R.A. 336].)

Appellant alleged both in the original complaint and in the proposed amended complaint that respondent had hindered her in obtaining information that would enable her to prove that he committed perjury at the trial by keeping his records under lock and key and threatening to have her declared incompetent if she gained access to them or consulted an attorney as to her rights in the real property. It is significant that it is not alleged that that conduct preceded or persisted during the trial.

Respondent maintains that it is the duty of the court to take judicial notice of the proceedings in the former action in this same court between these parties in the quiet title suit. (*Livermore* v. *Beal*, 18 Cal.App.2d 535 [64 P.2d 987].) While ordinarily a court takes judicial notice of the files in the same case, it does not usually do so of its files in another case in the same court (10 Cal.Jur. 728, § 52), although this is a rule of convenience, and it may do so to prevent injustice. (*Willson* v. *Security-First Nat. Bank*, 21 Cal.2d 705 [134 P.2d 800]; *Hammell* v. *Britton*, 19 Cal.2d 72 [119 P.2d 333].)

The recent opinion of the Supreme Court in *Weil* v. *Barthel*, *(Cal.) 279 P.2d 544, is not contrary to these views because here the former action was pleaded by appellant and thus became a part of the record in this action, which, of course, brought the former action to the notice of the court.

It is clear that the mere incompetence or lack of preparation of an attorney is not a charge of extrinsic fraud such as will permit the setting aside of a judgment. There is nothing in the pleading to indicate that appellant did not freely select the attorney who represented her at the trial. If such a charge could invalidate a judgment, then few judgments would be safe from attack.

---

*A rehearing was granted on March 3, 1955.

It would therefore appear that in the instant case no cause of action in extrinsic fraud is stated by either the original complaint or the proposed amended complaint, and that the trial court did not abuse its discretion in sustaining the demurrer without leave to amend as to the first cause of action. The remaining two causes of action in the original complaint merely attack the judgment for errors of law and are therefore insufficient against the demurrer in this type of action. Appellant has not attempted to support either of these two counts on appeal and the proposed amended complaint has omitted them. We may presume that appellant has recognized that the demurrer was properly sustained as to these counts.

Judgment affirmed.

DOOLING, J.—I concur. I am not prepared to agree that where the parties occupy a confidential relation to one another the concealment or suppression of material evidence may not constitute extrinsic fraud. (See *Jorgensen* v. *Jorgensen,* 32 Cal.2d 13 [193 P.2d 728].) However as pointed out in the Jorgensen case where the husband takes a hostile position a duty is cast on the wife and her attorney to make a reasonable effort to investigate the facts. In the Jorgensen case the court said at page 19: ''It is necessary to examine the facts in the light of the policy that a party who failed to assemble all his evidence at the trial should not be privileged to relitigate the case, as well as the policy permitting a party to seek relief from a judgment entered in a proceeding in which he was deprived of a fair opportunity fully to present his case.''

While it is alleged that respondent concealed the fact of his having made a state gift tax return, the fact of his having made a federal gift tax return was developed on the previous trial. If he made the one it should have put appellant and her attorney on inquiry whether he had made the other. There is no allegation in the complaint or in the proposed amended complaint that any effort was made by appellant or her counsel in the previous action to ascertain whether a state gift tax return had been filed. Under the circumstances disclosed by this record I agree that the demurrer was properly sustained.

(Kaufman, J., deeming himself disqualified, did not participate herein.)