[Civ. No. 21685.   Second Dist., Div. Two.   Jan. 24, 1957.]

PASQUALE N. PIETRO, Appellant, v. MADELINE HUNTER PIETRO, Respondent.

Pasquale N. Pietro, in pro. per., for Appellant.

Minsky & Garber for Respondent.

FOX, J.—By his third amended complaint plaintiff seeks to set aside the divorce decree awarded to his wife and to compel her to convey to him certain real property (and to

account for the income therefrom) involved in that suit. In his pleading plaintiff gave the title of the divorce action, the date on which it was filed (April 14, 1953), its file number in the clerk's office, the department of the superior court in which the case was tried, and the date the judgment was entered. He then alleged that he was denied recovery of the real property here in question in that action. His motion for a new trial was denied, as was his motion under section 473, Code of Civil Procedure, to set aside the judgment on the ground of asserted fraud. He appealed from the judgment in the divorce case but later abandoned his appeal.

In the instant action plaintiff alleged that the property was owned by him and that Madeline held it in trust for him.

As a basis for setting aside the former judgment, plaintiff alleged (1) that Madeline's attorney in the divorce case retained two written agreements which prevented him from proving the ownership of the property; (2) that her attorney had handled certain legal matters for plaintiff which disqualified him from acting as attorney for her in the divorce action; (3) that Madeline and her attorney had informed plaintiff that they would return the property in question to him if he did not contest the divorce suit, and that, relying on that representation, he did not contest the divorce suit; and (4) that when the property was conveyed to Madeline on December 10, 1952, by plaintiff's former wife, Madeline fraudulently substituted deeds so that the conveyance did not show that she held the property in trust for plaintiff.

When this case came on for trial, the file in the divorce suit was presented to the judge. He examined it, as he was permitted to do in view of its specific identification, the references to the case in plaintiff's complaint, and the nature of the relief he sought. This was sufficient to warrant the court in taking judicial notice of it. (*Estate of Wilson,* 116 Cal.App.2d 523, 527 [253 P.2d 1011]; *Christiana* v. *Rose,* 100 Cal.App.2d 46, 52 [222 P.2d 891]; *Hammell* v. *Britton,* 19 Cal.2d 72, 75 [119 P.2d 333].) Plaintiff did not object to this procedure. Perusal of the file disclosed, in accordance with plaintiff's allegation, that the ownership of the property in controversy had been litigated in the divorce suit and decided adversely to plaintiff herein. The file also revealed that the divorce decree had not been by default but that there had been a four-day trial in which plaintiff herein had been represented by counsel and during which a number of witnesses had testified and various documents were received in evidence.

With the pleadings in this condition, counsel for defendant objected to the introduction of further evidence on the ground that the complaint did not state facts sufficient to constitute a cause of action, i.e., facts that would justify setting aside the portion of the judgment in the divorce decree that denied him any interest in the real property in controversy. This objection was sustained and the case was dismissed. It is from the judgment of dismissal* that plaintiff prosecutes this appeal.

Plaintiff's theory is that the judgment in the divorce case was induced by extrinsic fraud. Defendant insists that no extrinsic fraud is shown.

As stated in *Gale* v. *Witt*, 31 Cal.2d 362, 365 [188 P.2d 755] : "The fraud which will justify the setting aside of a final judgment by a court of equity must be of such character as prevents a trial of the issues presented to the court for determination. [Citations.] Where the fraud practiced is collateral to and outside of court so that a party is, because of such fraud or concealment, effectively deprived of presenting his case or all of his defense, it is extrinsic and equity will give relief." The court further pointed out, on page 366, that "to constitute extrinsic fraud, there must have been some representation or concealment by the defendant which prevented the plaintiff from having his day in court . . ." (To the same effect: *Westphal* v. *Westphal*, 20 Cal.2d 393, 397 [126 P.2d 105] ; *United States* v. *Throckmorton*, 98 U.S. 61, 65 [25 L.Ed. 93] ; *In re Griffith*, 84 Cal. 107, 112-113 [23 P. 528, 24 P. 381] ; *Pico* v. *Cohn*, 91 Cal. 129, 133-135 [25 P. 970, 27 P. 537, 25 Am.St.Rep. 159, 13 L.R.A. 336].)

Measured by these principles, it is clear that plaintiff's allegations do not show extrinsic fraud.

Plaintiff's first charge is that Madeline's attorney retained two written agreements which prevented him from proving his ownership of the property. Plaintiff could have forced the production of these documents by a subpoena duces tecum directed to her counsel, or by an appropriate demand in open court. Concealment by a party of evidence which, if disclosed, would tend to overthrow his case, is not extrinsic fraud and therefore is not ground for a suit to set aside a judgment. (*Hogan* v. *Hogan*, 131 Cal.App.2d 281, 283-284 [280 P.2d 64] ; *In re Griffith, supra*; *Pico* v. *Cohn, supra*; *Burch* v. *Hibernia Bank*, 146 Cal.App.2d 422, 432 [304 P.2d 212].)

---

*Although two other persons are named as defendants, neither of them is involved in this appeal.

Plaintiff's allegation that when the property was conveyed to Madeline she substituted deeds and thereby received a deed showing title in her as grantee instead of a deed conveying it to her as trustee for plaintiff in accordance with their agreement, does not show extrinsic fraud. The deed in question was acknowledged on December 10, 1952, and recorded the next day. This was four months before Madeline filed her complaint for divorce. Furthermore, it appears from the divorce file that plaintiff herein filed a cross-complaint in the divorce action in which he alleged that Madeline held the property in trust for him. The court held against him on this question. It is thus apparent that the issue was litigated and decided in the prior action and that plaintiff's allegation does not amount to extrinsic fraud. (*Hanley* v. *Hanley,* 114 Cal. 690, 693 [46 P. 736]; *Gale* v. *Witt, supra; Burch* v. *Hibernia Bank, supra.*

Plaintiff's allegation that Madeline's attorney had been employed by him in connection with the refinancing of the property and to recover for him and his former wife certain other property, and that he thus obtained information that Madeline held this property in trust for him is not an allegation of fraud, extrinsic or otherwise. If plaintiff believed there was any impropriety in counsel's representing Madeline in the divorce action he should have drawn the matter to the attention of the trial court, for he was then in possession of all the facts. It does not appear that he made any such suggestion.

Plaintiff alleged that Madeline and her attorney represented to him that they would return the property in question to him if he did not contest the divorce suit, otherwise they would force the property into foreclosure and it would be lost to him; that he relied on the representation; and that the fear of losing the property "caused him not to contest the divorce suit." Considered by itself, this allegation would be impressive but when supplemented by the file in the divorce suit, of which the court was entitled to take judicial notice (*Weil* v. *Barthel,* 45 Cal.2d 835, 837 [291 P.2d 30]; *Hammell* v. *Britton, supra; Estate of Wilson, supra; Christiana* v. *Rose, supra*), it loses its significance. For it then becomes apparent that plaintiff did not rely on the alleged representation, but did, in fact, contest the divorce case throughout a four-day trial in which he was represented by counsel and during which many witnesses testified and numerous documents were received in evidence. An allegation of a complaint out of harmony

with a fact of which a court takes judicial notice must be disregarded. (*Young* v. *Boy Scouts of America,* 9 Cal.App.2d 760, 764 [51 P.2d 191]; *Bell* v. *Southern Pac. Co.,* 189 Cal. 421, 425 [208 P. 970]; *French* v. *Senate,* 146 Cal. 604, 607-608 [80 P. 1031, 2 Ann.Cas. 756, 69 L.R.A. 556].) ▮ Thus the allegation relied on fails to establish a foundation for setting aside the former judgment or any portion thereof.

If, perchance, there was any technical procedural error in considering the file in ruling on defendant's objection to the further introduction of evidence it was obviously not prejudicial, for that file demonstrated the lack of merit in plaintiff's case.

Plaintiff suggests that the trial judge was biased in favor of defendant. There is no support whatever in the record for this suggestion.

Other arguments made by plaintiff are not of sufficient substantiality to require consideration.

Judgment affirmed.

Moore, P. J., and Ashburn, J., concurred.