The opinion of the court was delivered by
Miller, J.
The plaintiffs appeal from the judgment dismissing their suit and dissolving their attachment.
It seems that the firm of Milmo, Stokoe & Go., composed of B. Milmo, Mrs. Stokoe and Henry B. Hewes,was dissolved by the death of Milmo. Another member, Mrs. Stokoe, died. Baxter, tbe defendant, became executor of Milmo and tutor of his minor children, and the heirs of Mrs. Stokoe were represented by their uncle, J. W. Stokoe. There was a suit for the partition of the partnership property saeeeeded by another, for the settlement of the partnership, in whieh-a liquidator was appointed. Then came an agreement intended to end litigation, dispensing with the liquidator and proposing that the partnership debts outstanding should be collected, its other assets realized and its liabilities discharged by Baxter, the *1304 executor of Milmo, and tutor of his children, Stokoe, as tutor of his children, and Hewes. Baxter represented the largest interest, ten - eighteenths; of the remaining interest the Stokoe heirs owned three-eighteenths and Hewes five-eighteenths. The attempt at liquidation by the representatives of the interest of the heirs and Hewes utterly failed. They disagreed about selling property, employing laborers, paying debts and other details of the business. Owing to these dissensions between the parties, the liquidation was obstructed, the partnership property exposed to seizure by creditors and the interest of all concerned menaced. Stokoe and Hewes ceased to exert any control. Of course, they had their complaints of Baxter, and the record shows that he imputes to them neglect and violations of their duties as liquidators. It is not requisite to pass any judgment as to-those differences, but the result was that Stokoe and Hewes seem to have abandoned all participation in the settlement of the partnership, and the care and disposition of its property; the collections from its debtors and settlements of its liabilities were assumed by the defendant, aided by his nephew, one of the heirs of the deceased partner, Milmo. This administration of the defendant lasting some-months resulted in realizing the partnership property and paying its. debts.
This suit brought by the heirs of Milmo, Hewes and Stokoe, representing the heirs of the other partner, Mrs. Stokoe, seeks to hold Baxter, the defendant, as an intermeddler with the partnership, property. One of the plaintiffs, Baxter Milmo, suing individually as heir of his father, the member of the firm, and as tutor of the minor heirs, participated with the defendant in the administration charged in the petition to have been intermeddling or an illegal assumption of control. The defendant, as executor or tutor, rendered the account we find in the record. It is our inference that the account is that filed in the succession of Milmo. Neither briefs nor the record, unless our examination has overlooked it, give us information of the rendition of this account. W'e gather from the-record that books were kept during the defendant’s gestión, the. entries in large part made by the nephew, one of the plaintiffs, and we presume there was thus furnished the basis for the account, the-copy of the debit side of which is annexed and made part of the petition. These debits are the amounts derived by the defendant.during his administration from the sales of the partnership property *1305 and collection of its assets, and judgment for the entire amount of these debits is demanded on the allegations in substance, of defendant’s wrongful intermeddling with the assets and property from which were derived the amount for which he is sued.
The answer in substance is that, as the executor of Milmo and tutor of his children, the defendant was constrained to give attention to the property of the partnership of Milmo, Stokoe & Co.; avers the agreement under which he, with Hewes and Stokoe as tutor, were to take charge, and the dissensions and other circumstances which led to the control exerted by defendant and his nephew, one of the plaintiffs. The answer admits the accounts attached to the petition, but avers that all that was realized by defendant was faithfully applied to the debts and liabilities of the partnership and payments to the Milmo heirs, and that the account on the books then under plaintiffs’ control will show that application.
The lower court, after hearing the testimony, making a huge record, dismissed the plaintiffs’ demand, dissolved the attachment, and this appeal by plaintiffs followed.
We do not appreciate that Baxter, under the circumstances, can be deemed an intermeddler. He was the executor and tutor of the minor children of Milmo, representing as such more than one-half interest in the property. By the agreement he was entitled to participate in the liquidation. The testimony does not impress us it was his fault that Hewes and Stokoe withdrew from the liquidation. If they had cause of complaint of the defendant, they might have sought the court to have some one put in charge. Instead, they seem to have abandoned all charge. It is in proof that Stokoe refused to sign cheeks to pay debts, and Hewes, th ugh not as pronounced in opposition to the joint liquidation agreed upon, concurred to some extent, at least, in the course of Stokoe.- At any'rate Baxter with the large interest in his hands found himself under the necessity of abandoning control or provoking anew the appointment of a liquidator with useless expense, all had agreed to avoid, or’ continuing his attention to the business. We can not perceive that-this determination in itself is to fasten on him a' liability. The Oode recognizes the liability arising on the'part of one who takes on himself the management of another business. It can hardly be said in this case that Baxter “of his own accord,” as the Code puts it, undertook this business. In some sense, at least, it was imposed on *1306 him by his responsibility as executor and tutor. The agreement accorded with that responsibility, and although Hewes and Stokoe declined continuing the liquidation, it did not leave Baxter in the position of an intruder. Civil Code, Article 2295, et seq. In this point of view it remains to inquire into his administration, whether marked by the care and prudence the Code exacts. Even if he could be deemed an intermeddier, if he has faithfully administered, there can be no liability. Still .less can he be made subject to a liability because acting for the interest of all with an agency that might be deemed implied by full knowledge of his course on the part of Hewes and Stokoe, with no effort on the part of either to take control from him or any action on their part evincing any concern in the business.
On the threshold of the examination of defendant’s receipts and expenditures while in charge of the partnership property we are met by the objection to the books in which the defendant kept his account, the entries in which were in large part made by his nephew.
We gather from the record the'credit side of the account is from the books. In the testimony the direct and cross-examination refers to the books. We think the lower court properly overruled the objection, and defendant, as a witness, testified to the items of the account from his own knowledge.
We do not find in the petition any allegations of sacrifice or loss of assets. The plaintiffs’ brief alludes to the deposit of the money of the estate in a Milwaukee bank. If this refers to the funds in the defendant’s hands, as executor, the deposit might be the subject of investigation in the succession proceedings, and we perceive his account was filed as executor, and the controversy appears to have been confined to specific items. But unless this deposit was followed by loss, it is of no pertinence in this discussion. The substantial charge in the petition is that defendant in the course of his alleged intermeddling collected certain amounts, and has failed to account. The collections are admitted. We are not, except to a very limited extent, aided by plaintiffs’ brief, with any specifications of the collections not accounted for, and in the brief there is a discussion with reference to a charge by defendant for salary, another for sums paid for support of the Milmo children, which appears in his account as executor, and the brief claims besides, under any aspect of the case, judgment for the difference between debits and credits. One of the plaintiffs, Hewes, in his testimony, referring to the books and to the *1307 credit side of the account, states his ignorance as to many of the charges, admits some few, and to those thus admitted itis claimed the defendants’ credit should be restricted. It was natural, in our view, the witness, giving but little attention to the business, should not have the knowledge of every particular item, but it is not easy to appreciate that if defendants’ account of over four thousand-dollars of collections and expenditures was not in the main correct, that the witness would not have been able to make that statement. But we perceive, in the course of his examination, being asked to point out one charge not necessary for the concern, answers, did not see any were necessary, because under the agreement no money was to be touched. This is to be understood, we think, not as a denial of the correctness of the charges, but defendants’ right to use the firm’s funds after the disagreement. The answer, therefore, does not meet the issue made by defendant that every dollar he applied was for the firm’s debts. This witness, pressed further to point out any item to the firm’s detriment, indicates two or three small items; postofflce box rent and small expenses not amounting to more than a few dollars. On the other hand, we have the testimony of the defendant extending to the entire account given with a precision and detail that commends it to our acceptance. With plaintiffs’ brief specially directed only to the charges to which we have alluded, we have endeavored to give attention to all the testimony in this record of two hundred pages, and we reach the conclusion that the defendant has accounted for the funds he received, the conclusion also of our learned brother of the District Oourt. This conclusion, of course, reserves the charges specifically disputed by plaintiffs.
There were charges for defendant’s salary previous to what is termed the agreement. This was recognized by that agreement. The charge for salary since the agreement was at the same rate. In our appreciation the defendant’s services were in the interest of the partnership. They tended to preserve its property. We think, under the circumstances, the charge for salary could not be subject of reasonable objection. If his commissions as executor are to be considered, they were paid by the succession, not by Hewes and the Stokoe heirs. They represent' but eight-eighteenths, and the proportion of the amount charged for salary to be borne by them is small considering the benefit the partnership property derived from defendant’s services. As the sums in the account paid for the *1308 support of the Milmo heirs were in excess of the interest of then-father in the partnership property, we think, as the suit is against the executor of Milmo, any question as to these sums should be referred to an adjustment of the partnership accounts. The defendant, as executor, is entitled to retain any amount to which the deceased Milmo is entitled.
The account exhibits assets realized by defendant amounting to four thousand six hundred and seventy-five dollars and seventy-five cents and expenditures amounting to four thousand four hundred and forty-four dollars and one cent. This account, sued on by plaintiffs, admitted by defendant, and to which ail the testimony has been directed, is the test of his liability. While it is maintained by the lower court there is no proof of any debt and the same proposition is urged in defendant’s brief, still there is the excess of collections over expenditures of two hundred and thirty-four dollars and seventy-four cents, for which, in our opinion, there must be judgment in favor of the plaintiff Hewes and the representatives of the Stokoe heirs to the extent of their proportions of interest in the partnership. The defendant still the executor of Milmo is entitled to retain the Milmo interest in the fund in his hands, for which he is accountable as executor.
On the right to attach we find that defendant came here about six years since, and, as we understand the record, the business in which he was engaged has ended. He is not a housekeeper. His wife left the State aboun two years ago, the climate not agreeing with her, has since lived in Michigan, defendant’s original domicile, and where we think, under the testimony, he spends his time, with occasional visits to Iberia, in which the partnership was located and where the judicial proceedings connected with the partnership were conducted. When visiting Iberia on these visits we presume defendant lives at a hotel. It is in proof he was registered at a hotel as of Michigan. This, he claims was a mistake, but in his testimony he speaks of Manistee in that State as his home. The votes he cast here are entitled to weight, as is his vote for school directors in Michigan, but neither votes there or here are conclusive. Succession of Franklin, 7 An. 395. The facts,that he left Louisiana, though temporarily, it is claimed; that his wife has been for two years continuously in Michigan; the time he spends there; the end of the business that brought him to Louisiana; that he had no dwelling *1309 here, accompanied with his own declaration Michigan was his home, all led us to the conclusion that he was a non-resident, and the attachment must be maintained.
It is therefore ordered, adjudged and decreed that the judgment of the lower court be avoided and reversed, and it is now ordered and decreed that the plaintiffs, H. B. Hewes, and John W. Stokoe, tutor of the minors, Neil and Mary Stokoe, do have and recover from the defendant, John P. Baxter, the sum of one hundred and four dollars and thirty-two cents ($104.32) with legal interest, being eight-eighteenths of the balance in his hands, with privilege on the property attached, with costs.