[Sac. No. 898.    Department One. — July 24, 1901.]

In the Matter of the Estate of FRED W. DAMKE, Deceased.    133  433|
s133  431|

ESTATE OF DECEASED PERSON — APPEAL — NOTICE — DESIGNATION OF WRONG COUNTY. — An appeal from an order of the superior court of a particular county will not be dismissed, merely because the notice of appeal was entitled as of another county, when it is apparent from the notice that the order appealed from was otherwise sufficiently identified, and that the respondent was not misled by the mistake, and that a bill of exceptions was subsequently settled, to be used on the appeal, without any suggestion of the defect.

ID. — PARTY AGGRIEVED — APPLICANT FOR LETTERS. — One claiming a prior right to administer upon the estate of a deceased person is, upon the denial of such right, a party aggrieved, and, as such, entitled to appeal from the order granting letters of administration to another.

ID. — SPECIAL ADMINISTRATION — JURISDICTION OF GENERAL ADMINISTRATION. — The superior court of a particular county, in taking jurisdiction over the administration of the estate of a deceased person for the purposes of appointing a special administrator, does not thereby secure jurisdiction over the estate for the purposes of appointing a general administrator; and if, subsequently, a petition for general letters is first filed in the superior court of another county, that court acquires jurisdiction for the purposes of the general administration.

ID. — RESIDENCE — EVIDENCE. — Upon a review of the evidence it is held that the residence of the deceased at the time of his death was in the county of Sacramento, and not in the county of San Joaquin, and that the action of the superior court of the latter county in taking jurisdiction of his estate was erroneous.

APPEAL from an order of the Superior Court of San Joaquin County granting letters of administration. Joseph H. Budd, Judge.

The facts are stated in the opinion of the court.

Bruner & Brothers, for Appellant.

Avery C. White, Buck, Miller & Clark, and Gus G. Grant, for Respondent.

GAROUTTE, J. — The public administrator of the county of Sacramento appeals from an order of the superior court of

the county of San Joaquin appointing C. C. Franklin, public administrator of that county, administrator of the estate of Fred W. Damke, deceased. He had theretofore, in said proceeding, filed a written opposition to the appointment of Franklin as administrator of said estate, claiming that said Damke, at the time of his death, was a resident of the county of Sacramento.

It is asked that this appeal be dismissed because the notice of appeal is entitled "In the Superior Court of the County of Sacramento," and also by reason of other defects appearing upon its face. These objections are too technical, for the defects are unsubstantial. The notice recites that the appeal is taken from an order and decree made and entered the second day of August, 1900, directing letters of administration to issue to C. C. Franklin, public administrator of the county of San Joaquin. This order and decree was the only one made upon that day, or any other day, appointing C. C. Franklin, public administrator of the county of San Joaquin, administrator of the estate of the deceased. It is perfectly evident that respondent's attorneys were not misled by the defects appearing upon the face of the notice, and, in addition to this, subsequent to the service of the notice a bill of exceptions was prepared and settled, to be used upon appeal from the order appointing Franklin administrator, and no suggestion was ever made that the aforesaid notice was defective in substance. Throughout the proceedings the notice has been treated as sufficient, and acted upon, and it is now too late to make the objections here made for the first time.

It is next claimed, in support of the motion to dismiss, that the appellant is not a party aggrieved, and hence has no right of appeal. Appellant claims the right to administer upon the estate of Damke, deceased, and under these circumstances is entitled to take this appeal. (*Estate of Healy*, 122 Cal. 162.) If Damke was in fact a resident of Sacramento County at the time of his death, it was not only the right, but the duty, of the public administrator of Sacramento County to appear in the court of San Joaquin County and contest Franklin's right to letters of administration. And if he had the right to contest the issuance of letters of administration to Franklin, he had the right to appeal from the decree entered against him. The fact that he claims the right to administer in Sacramento

County, and that these proceedings were inaugurated before the superior court in San Joaquin County, is not material.

Appellant, by an order of the superior court of Sacramento County, made July 12, 1900, was appointed special administrator of the estate of the aforesaid deceased. Upon July 21, 1900, Franklin filed his petition in the superior court of the county of San Joaquin, asking for general letters of administration upon the estate of said deceased. Upon July 23d, appellant filed his petition in the superior court of the county of Sacramento, asking for general letters of administration upon said estate. Upon August 2d, general letters of administration were issued to Franklin in the superior court of the county of San Joaquin, appellant's written opposition thereto being overruled, and it is from this order that the present appeal is taken. Thereafter, general letters of administration were issued to appellant in the superior court of the county of Sacramento. It is now insisted upon the part of appellant, that the superior court of the county of Sacramento having made an order appointing him special administrator of the estate of Damke, deceased, prior to the filing of Franklin's petition for letters in the superior court of San Joaquin County, therefore that court was deprived of jurisdiction to hear his petition. The court has concluded that appellant's position in this regard is not well taken. By the appointment of a special administrator of an estate, the court making the order may be said to have only a limited jurisdiction over the estate. It has jurisdiction alone for the special purposes of that character of administration. By the proceeding which resulted in the appointment of the special administrator, the court gained no jurisdiction to appoint a general administrator. That appointment could only be made by a separate and independent proceeding, and the prior proceeding in no degree fed the jurisdiction of the court as to the appointment of a general administrator. If the public administrator of San Joaquin County could not there file in the court a petition to be appointed administrator of the estate of deceased for the reason that a special administrator had already been appointed in Sacramento County, then the subject-matter of this litigation would be in a most peculiar situation, for *non constat* the public administrator of Sacramento County would ever file a petition for general letters of administration, and thus most serious

complications would necessarily arise; for no general adminis-
trator might ever be appointed, and this, too, notwithstanding
the right to appoint in the superior court of San Joaquin
County might be ever so clear. For these reasons the court,
concludes, upon this branch of the case, that when the petition
was filed in the superior court of San Joaquin County to ap-
point a general administrator in the estate of Damke, deceased,
there was no proceeding pending in any other court to appoint
a general administrator, and for that reason the superior court
of San Joaquin County first took jurisdiction of the matter.

Appellant attacks the finding of the trial court, which is to
the effect that the deceased, Damke, was a resident of the
county of San Joaquin at the time of his death. This court
has carefully examined the evidence found in the record, bear-
ing upon the question of residence, and has concluded that it
points unerringly to the fact that the residence of Damke, at
the time of his death, was in Sacramento County. There is
but a small amount of evidence upon the issue.

Damke was a German, without relatives in this state. For
ten years immediately prior to his death he was acting as
superintendent and manager of a large ranch belonging to
Williams and Bixler, which was situated in Sacramento
County, at a point called Ryde. Here Damke was furnished
a house, in which he lived alone for these ten years. He did
his own cooking, and slept there. He had his own bed,
dishes, and other furniture there. He had chickens, pigs, and
a cow about the place. Indeed, he seemed to live in this
house and at this place, if it can ever be said that a person
lives in a certain house and at a certain place. If a person
may by his acts create a residence for himself, then Damke's
residence was at Ryde. While it may be said that the resi-
dence of a person is to be determined by his intentions, still
it may also be said that his intentions are to be determined
by his acts. The deceased received his papers and his letters
at Ryde post-office, situated upon the ranch; and many of his
neighbors testified that he lived at this place continually for
the past ten years prior to his death, only being absent a day
or two a few times each year. Against this evidence, a witness
testified that, prior to the aforesaid ten years, and for thirteen
years prior thereto, Damke was an ordinary laboring-man,
working wherever he could obtain work, and when not work-
ing he stayed at the hotel of the witness in the city of Stockton,

which he claimed to be his residence; that, twenty years or more prior to his death, he registered in the city of Stockton, and voted there. This witness also testified that he never heard Damke say anything about his residence during the aforesaid ten years. The witness further stated that during the past ten years Damke had been in the city of Stockton, upon business, four or five times, and stayed at his hotel during these visits, which only extended over a day or two. This may be said to be, in substance, all the evidence which was offered upon the issue of residence, and the court sees but one conclusion to be drawn from it. It points with certainty to the fact that Damke, at the time of his death, was a resident of the county of Sacramento.

The court concludes that there is no substantial conflict in the evidence upon the issue of residence, and for the foregoing reasons the order and decree is reversed and the cause remanded.

Van Dyke, J., and Harrison, J., concurred.