[Civ. No. 396.    First Appellate District.—December 26, 1907.]

## JOHN J. QUINN, Respondent, v. WM. A. NEVILLS, Appellant.

PLACE OF TRIAL—RESIDENCE OF DEFENDANT—MIXED QUESTION OF LAW AND FACT—CONFLICTING EVIDENCE—CONCLUSIVE DETERMINATION.— Upon motion of the defendant in an action to change the place of trial to another county claimed to be the county of his residence, where the plaintiff offered much proof to show that for several years prior to and at the time of the commencement of the action, defendant was domiciled in the county of the venue, and the evidence for the defendant was conflicting on that subject, the question of his true residence or domicile when the action was commenced was one of mixed law and fact, and the determination of the trial court thereupon, in denying the motion, is conclusive upon this court.

ID.—PLACE OF VOTING AND REGISTRATION NOT CONCLUSIVE.—Neither the fact that the defendant voted and was registered as a voter in the other county claimed by him as a residence is conclusive upon the question of his domicile.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying defendant's motion to change the place of trial.    J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

Carter & Ricketts, and McClellan & McClellan, for Appellant.

Albert M. Johnson, and Hiram W. Johnson, for Respondent.

HALL, J.—This is an appeal from an order denying defendant's motion for a change of the place of trial of the action from the city and county of San Francisco to the county of Tuolumne. The demand and motion were upon the ground that defendant resided in Tuolumne county at the time of the commencement of the action.

In opposition to the motion plaintiff filed and read his affidavit, which set forth facts tending strongly to support the view that defendant resided, and had resided, in the city and

county of San Francisco continuously for several years immediately preceding the commencement of the action. The affidavit sets forth in detail that during the years 1900, 1901, 1902 and 1903, defendant resided and had his dwelling place in a private family dwelling owned and occupied by him at No. 2224 Washington street in said city and county. That during the entire year 1904 (the action was commenced November 9, 1904), defendant maintained and kept his actual residence at the Palace Hotel, in said city and county, and that he continuously and permanently occupied a suite of rooms there, furnished in part with the personal effects, paraphernalia, bric-a-brac, house furnishings, and family portraits of himself and wife. The affidavit set forth other details tending to show that defendant resided and had continuously resided in San Francisco as his home for several years, and that his visits to Tuolumne county were for business purposes only.

On the other hand defendant, by his own affidavit, and others, presented evidence tending to show that his legal residence was in Tuolumne county. Especial stress is laid on the evidence that he always claimed Tuolumne county as his place of residence, and was there registered as a voter, and in fact voted there the day before the action was commenced.

The case is a typical one of a conflict of evidence, and of inferences to be drawn from the facts, and we cannot disturb the order of the trial court.

The question of residence or domicile is a mixed question of law and fact, and the determination of the trial court upon conflicting evidence is conclusive upon this court. (14 Cyc. 865, and cases there cited; *Estate of Weed,* 120 Cal. 634, [53 Pac. 30].)

Appellant has cited *Shelton* v. *Tiffen,* 6 How. (U. S.) 185, as authority for the contention that the fact of registration and voting in a given county is conclusive evidence of domicile. An examination of the case discloses that it cannot be held to be an authority on this point. Shelton was sued in the United States circuit court in Louisiana by a citizen of another state, and pleaded want of jurisdiction in that he was not a citizen of Louisiana, but was a citizen of Virginia. The evidence showed that he had formerly resided in Virginia, but for two years had resided on and cultivated a

plantation in Louisiana, but had not voted there. It was held that the evidence was sufficient to sustain a finding that he was a citizen of Louisiana. The court did say that the exercise of the right of suffrage was conclusive on the question of intention, but as Shelton had not exercised such right, and no such fact was in the case, what the court said was clearly *obiter*.

Neither voting nor registration as a voter is conclusive on the question of domicile. (*Easterly* v. *Goodwin*, 35 Conn. 285, [95 Am. Dec. 237] ; *Enfield* v. *Ellington*, 67 Conn. 459, [34 Atl. 818] ; *Smith* v. *Croom*, 7 Fla. 81; *Hewes* v. *Baxter*, 48 La. Ann. 1303, [20 South. 701] ; *Clarke* v. *Territory*, 1 Wash. Ter. 68; *East Livermore* v. *Farmington*, 74 Me. 155.)

The order is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on February 20, 1908.