[Civ. No. 490.    Second Appellate District.—May 15, 1908.]

In the Matter of the Estate of SARAH GRAVES, Deceased.
L. R. BRADLEY, Public Administrator of San Bernardino County, and Nonresident Heirs, Appellants. M. S. BOWMAN, Public Administrator of Riverside County, Respondent.

ESTATES OF DECEASED PERSONS—LETTERS OF ADMINISTRATION—CONTEST BETWEEN PUBLIC ADMINISTRATORS.—COUNTY OF DEATH.—Where a deceased person died in one county, leaving estate therein, and a contest of the will was transferred to another county, for disqualification of the judge, and such contest was determined against the will, and there are no resident heirs, the public administrator of the county of the death is entitled to letters of administration, and the court properly appointed him administrator, to the exclusion of the public administrator of the county to which the cause was transferred.

APPEAL FROM ORDER—PARTIES INTERESTED.—A public administrator who has applied for appointment as administrator has a right to appeal from an adverse order appointing another administrator, and nonresident heirs also have the right to appeal as parties interested in the estate, regardless of their right to nominate a particular administrator.

ID.—RESIGNATION OF PUBLIC ADMINISTRATOR APPEALING—RETENTION OF APPEAL.—Notwithstanding a showing that the public administrator who has appealed from the adverse order has tendered his resignation and that his successor has been appointed, whatever effect that may have upon his appeal, the appeal by the nonresident heirs must nevertheless be retained for determination upon the merits.

APPEAL from an order of the Superior Court of San Bernardino County, appointing an administrator. Frank F. Oster, Judge.

The facts are stated in the opinion of the court.

Goodcell & Goodcell, and Chas. R. Gray, for Appellants.

Purington & Adair, and C. L. McFarland, for Respondent.

TAGGART, J.—Appeal from an order appointing an administrator.

Sarah Graves died January 7, 1906, in the county of River-side, being at the time of her death a resident of that county, and leaving estate therein consisting of real and personal property.

On February 5, 1906, a document purporting to be her last will and testament was admitted to probate in the superior court of the said county of Riverside, and letters of administration with the will annexed issued thereon to M. S. Bowman, the public administrator of that county.

Thereafter certain heirs of the deceased filed a petition for the revocation of the probate of said will, issues were joined upon the allegations of said petition, and the judge of said superior court, deeming himself disqualified to try the same, made an order transferring the estate to the superior court of San Bernardino county. Upon trial being had in the court last named, a judgment was made and entered revoking the probate of said will.

Thereupon L. R. Bradley, the public administrator of San Bernardino county, filed his petition for letters of administration upon said estate, and the said M. S. Bowman, as the public administrator of Riverside county, also filed his petition praying for letters of administration thereon. Certain nonresident heirs of the deceased filed an opposition to the latter application. The matter coming on for hearing, the superior court of San Bernardino county made its order appointing M. S. Bowman, public administrator of Riverside county, administrator of said estate.

L. R. Bradley and said nonresident heirs join in an appeal from this order.

The question of law for consideration on the appeal is whether the public administrator of San Bernardino county or the public administrator of Riverside county is entitled to administer upon the estate. Respondent also questions the right of the nonresident heirs to appeal, and presents this upon appeal and by separate motion to dismiss. It is also suggested that L. R. Bradley has resigned the office of public administrator of San Bernardino county, and this is made to appear by an affidavit showing his resignation, the proper acceptance thereof, and the appointment and qualification of his successor. This affidavit is made the basis of another mo-

tion to dismiss the appeal. The motions to dismiss and the appeal were argued and submitted together.

If it be conceded that the application of Bradley for letters of administration was based upon a right, in part at least personal, and that his successor in office could not be substituted in this action, and, therefore, upon the showing of his resignation and the appointment of such successor, respondent is entitled to have the appeal of Bradley dismissed (*Estate of Lermond,* 142 Cal. 585, [76 Pac. 488]), the appeal must still be heard upon its merits, as we are of opinion that the other appellants are entitled to prosecute the appeal.

Section 1374 of the Code of Civil Procedure provides that any "person interested" may contest a petition for letters of administration on the grounds stated in the opposition of the appealing nonresident heirs. It is not necessary that the contestant shall be competent to assert the right to administer himself, nor be entitled to nominate the appointee in order to contest. If the facts constituting the incompetency of the applicant were not properly or sufficiently stated, this would not be a ground for the dismissal of the appeal.

An appeal lies from an order granting or denying letters of administration, and no reason is given why the right of the "person interested" to contest should cease upon the adverse order being made by the superior court. The public administrator is a "person interested" in the estate so as to contest for letters of administration, and he may appeal from an adverse order. (*Estate of Damke,* 133 Cal. 433, [65 Pac. 888].) We are satisfied that the heir has a like right of appeal; otherwise, the right of contest would be of little avail. The motion to dismiss the appeal of the nonresident heirs is denied.

When the proceedings in the estate of Graves were transferred to the superior court of San Bernardino county, that court was empowered thereafter to "exercise the same authority and jurisdiction over the estate, and all matters relating to the administration thereof, as if it had original jurisdiction of the estate." (Code Civ. Proc., sec. 1431.)

The transfer, however, did "not affect the right of any person to letters testamentary or of administration on the estate transferred, but the same persons are entitled to letters

testamentary or of administration on the estate, in the order hereinafter (hereinbefore) provided.'' (Sec. 1432.)

Upon the revocation of the probate of the will, the letters of administration with the will annexed ceased to have any effect, and the estate was subject to administration as if the deceased had died intestate. None of the persons entitled to priority over the public administrator having applied for letters, the public administrator was entitled to administer. (Code Civ. Proc., sec. 1365, subd. 8.)

The right of the public administrator of Riverside county to administer upon the estate as alleged in his petition is based upon the facts which, under section 1726, Code of Civil Procedure, entitled him to letters, to wit, that Sarah Graves died in Riverside county, was a resident thereof, and left estate therein, and that no administrator for the estate had been appointed. That of the public administrator of San Bernardino county rests solely upon the transfer of the estate to that county.

The evident purpose and intent of sections 1430-1433, Code of Civil Procedure, is to provide a proper forum for the administration of estates of persons dying resident in a county in which the judge is disqualified to admit the will to probate or to appoint an executor or administrator of the estate. This is made apparent by the proviso in section 1431 that a transfer is not necessary when some judge qualified to act attends upon the court in the county in which the petition is filed, and the requirement of section 1432 that a retransfer of the proceedings must be made should the disqualified judge cease to act before the settlement of the estate.

The public administrator of one county is entitled to contest the right of another public administrator to administer upon an estate in the superior court of the county of which the applicant is the public administrator, and the conflicting claims of the applicants must be determined by ascertaining the residence of the deceased at the time of his death (*Estate of Damke*, 133 Cal. 437, [65 Pac. 888]). It is the duty of the public administrator to take charge of the estates of persons dying within his county (sec. 1726). No burden is imposed upon him of administering estates which have been transferred to his county by reason of the disqualification of the judge of the superior court of an adjoining county.

8 Cal. App.—17

As he is the public trustee appointed by the law to take charge of the estates of persons within his county who die leaving no one competent to administer such estates, every intendment would seem to be in favor of a construction of the law which imposes the trust upon the resident officer, rather than upon an officer of an adjoining county. That he owes his appointment to the fact that he is a county officer does not offer any reason why he should be excepted from the provision of section 1432 of the Code of Civil Procedure that the transfer of the proceedings "shall not affect the right of any person to letters testamentary or of administration on the estate transferred."

The order of the court appointing the public administrator of Riverside county to administer upon the estate should be affirmed.

Order affirmed.

Allen, P. J., and Shaw, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on June 13, 1908.