[Sac. No. 1696.  In Bank.—September 14, 1909.]

## J. H. BRADLEY, Respondent, v. F. M. DAVIS, Appellant.

CHANGE OF PLACE OF TRIAL—RESIDENCE OF DEFENDANT—REFUSAL OF CHANGE—CONFLICT OF EVIDENCE—APPEAL.—An order refusing to change the place of trial of an action, asked for on the ground that the defendant was a resident of the county to which the change was demanded, will not be interfered with on appeal, when the affidavits used on the motion for the change were conflicting upon the question of the defendant's place of residence.

ID.—REGISTRATION NOT CONCLUSIVE OF DOMICILE.—The mere fact that a person is registered in a certain place and has voted therein is not conclusive evidence upon the question of his domicile.

ID.—DETERMINATION OF PLACE OF RESIDENCE—QUESTION FOR TRIAL COURT—EVIDENCE EMBODIED IN AFFIDAVITS.—Notwithstanding a defendant, under section 395 of the Code of Civil Procedure, is entitled as a matter of absolute right to have the action transferred to the county of his residence, the question whether he did reside in the county to which the transfer is requested is to be determined primarily by the court in which the action was instituted, and its finding will not be disturbed on appeal when the evidence is conflicting, even though the whole evidence upon the question is contained in affidavits.

ID.—DOCUMENTARY EVIDENCE WHEN CONFLICTING—REVIEW ON APPEAL.—The rule that the appellate court will not pass upon conflicting evidence applies to cases where the evidence is entirely documentary.

APPEAL from an order of the Superior Court of El Dorado County refusing to change the place of trial.  N. D. Arnot, Judge.

The facts are stated in the opinion of the court.

Hinkson & Elliott, for Appellant.

C. E. Peters, for Respondent.

ANGELLOTTI, J.—This is an appeal from an order denying defendant's motion for a change of place of trial of the action from the superior court of El Dorado County to the superior court of Sacramento County, made upon the ground that the defendant was a resident of Sacramento County at the time of the commencement of the action.

The motion was heard, submitted, and determined solely upon affidavits. These affidavits were conflicting upon the question of the place of residence of defendant at the time of the commencement of the action. The affidavits of plaintiff and G. S. Estey were positive and unequivocal to the effect that the defendant was then a resident of El Dorado County and there is nothing in either affidavit from which we are authorized to infer that the affiants did not have personal knowledge of the facts as to which they swore positively and without qualification. Under these circumstances, notwithstanding the fact that defendant's counter affidavit is very clear and specific, it must be held that there was a substantial conflict on the question of residence. It has heretofore been held, and we think correctly, that the mere fact that one is registered in a certain place and has voted therein is not conclusive evidence upon the question of his domicile. (*Quinn v. Nevills*, 7 Cal. App. 231, [93 Pac. 1055].)

Under section 395 of the Code of Civil Procedure, defendant was entitled as a matter of absolute right to have the action transferred to Sacramento County if he resided therein at the time of the commencement of the action. The question whether he did so reside in Sacramento County was, however, one to be determined primarily by the court in which the action was instituted and to which the motion for the change of place of trial was addressed, and it is well settled that the finding of a trial court upon this question of fact will not be disturbed on appeal where the evidence in respect to residence is conflicting, even though the whole evidence upon the question is contained in affidavits. (*Hastings* v. *Keller*, 69 Cal. 606, [11 Pac. 218]; *Daniels* v. *Church*, 96 Cal. 13, [30 Pac. 798]; *Ludwig* v. *Harry*, 126 Cal. 377, [58 Pac. 858].) Two of the cases just cited were decided subsequently to the case of *Tuller* v. *Arnold*, 93 Cal. 166, [28 Pac. 863], wherein, upon an appeal from an order refusing to dissolve an attachment, it was said that the rule that this court will not pass upon the evidence when conflicting does not apply where the evidence is documentary. This statement is not in accord with the other decisions of this court. The rule has been applied on appeals from orders refusing a change of place of trial where the question of fact presented solely by affidavits was as to where the contract sued upon was made (see *Lakeshore*

*Cattle Co.* v. *Modoc etc. Co.,* 108 Cal. 261, [41 Pac. 472];
*Bowers* v. *Modoc etc. Co.,* 117 Cal. 50, [48 Pac. 979]; *Brown* v.
*S. F. Sav. Union,* 122 Cal. 648, [55 Pac. 598]), and also in several cases on appeals from orders granting or denying motions for new trial made by a judge who did not preside at the trial. In fact, we know of no case in which it has not been held applicable even where the evidence was entirely documentary, except the case of *Tuller* v. *Arnold,* 93 Cal. 166, [28 Pac. 863], and while there is some force in the contention that the reasons for the rule are not as strong and apparent in cases where the evidence is entirely documentary as in cases where witnesses have testified orally before the lower court, in view of the many decisions on the subject it must be taken as settled in this state that the rule is applicable in both classes of cases.

We perceive no ground upon which the appeal can be properly sustained.

The order is affirmed.

Shaw, J., Melvin, J., Lorigan, J., Sloss, J., and Henshaw, J., concurred.