[S. F. No. 10028. In Bank.—March 7, 1922.]

## JOHN A. HILL, etc., Petitioner, v. SUPERIOR COURT OF SAN LUIS OBISPO COUNTY, Respondent.

[1] ESTATE OF DECEASED PERSON — JURISDICTION — RESIDENCE — PROCEDURE.—The superior court of the county in which a petition for general letters of administration of the estate of a deceased person is first filed has jurisdiction to determine whether or not the residence is in that county, and persons who claim that the jurisdiction is in some other county must appear in that court, present their evidence, and have the fact as to residence determined, and if the decision is against them, they can appeal and have the matter settled by the court of last resort.

[2] ID.—REMEDIES.—If a party, who claims that jurisdiction of the estate of a deceased person is not in the county where a petition for general letters of administration is first filed, has a will in his possession, he may either resist the granting of letters in the first county upon the ground that there is no jurisdiction there, without asking probate of the will, or, if he fails to show want of jurisdiction, he may then present his petition to that court to have the will probated in that county, whereupon that court will proceed accordingly to probate thereof.

APPLICATION for Writ of Prohibition directed to the Superior Court of San Luis Obispo County. T. A. Norton, Judge. Writ granted.

The facts are stated in the opinion of the court.

Dunn, White & Aiken and Jesse J. Dunn for Petitioner.

L. A. Enos and Sullivan & Sullivan and Theo. J. Roche for Respondent.

At the close of the argument Shaw, C. J., delivered the opinion of the court as follows:

The court is unanimous in the opinion that in cases of this character the county in which the first petition is filed for general letters of administration has jurisdiction to determine whether or not the residence is in that county. (*Miller* v. *Superior Court,* 186 Cal. 543 [199 Pac. 806]; *Dungan* v. *Superior Court,* 149 Cal. 103 [117 Am. St. Rep. 119, 84 Pac. 767]; *Estate of Damke,* 133 Cal. 435 [65 Pac.

888]; *Estate of Damke*, 133 Cal. 430 [65 Pac. 889].)    Persons who claim that the jurisdiction is in some other county must appear in the court in which the petition is first filed and present their evidence, and have the fact as to the residence determined there.   If the decision is against them, they can appeal and have the matter settled by the court of last resort.   If the party who claims that the jurisdiction is not in the county where the petition was first filed has a will in his possession, he may do either one of two things: [1] He may resist the granting of letters in the first county upon the ground there is no jurisdiction there, without asking probate of the will.   If he finally succeeds in showing that there is no jurisdiction in that county, that would end that proceeding, and a new proceeding to probate the will and obtain letters testamentary could then be instituted in the proper county; or, [2] If he fails to show want of jurisdiction, he may then present his petition to that court to have the will probated in that county, whereupon that court would proceed accordingly to probate thereof.   There is no objection to this practice.   It is indeed the better practice because it prevents there being two proceedings to administer the same estate in different counties, involving double expense and a conflict of authority.

The writ of prohibition against the superior court in San Luis Obispo County is granted.