[S. F. No. 11539. In Bank.—March 24, 1926.]

## In the Matter of the Estate of J. MARSHALL SPENCER, Deceased.

[1] DOMICILE — EVIDENCE — REGISTRATION—TRANSIENT EMPLOYMENT—PRESUMPTIONS.—The mere fact that one is registered in a certain place and has voted therein is not conclusive evidence upon the question of his domicile; and such a circumstance is proportionately weakened as evidence if it is shown that the person whose residence is the subject of inquiry is an unmarried man unattached by domestic or family ties, and is not engaged in any business or employment that would suggest permanency as to a place of abode, and that such person has actually changed both his residence and occupation at least once within a period of three years; and no presumption can be indulged that a person so circumstanced would continue to live for any great period of time in the place in which he was last registered.

[2] ESTATES OF DECEASED PERSONS—APPOINTMENT OF ADMINISTRATOR—COLLATERAL ATTACK.—A motion for an order dismissing probate proceedings, made by the public administrator of another county almost five years following the day upon which letters of administration were issued, on the ground that the court issuing such letters did not have jurisdiction of the proceedings, amounts to nothing more or less than a collateral attack upon a judgment almost five years after its entry.

[3] ID.—RESIDENCE OF DECEDENT—JURISDICTION—JUDGMENT—APPEAL. The superior court of the county in which the petition for letters of administration is first filed has exclusive jurisdiction to determine the question as to the residence of the decedent, and the courts of other counties must abide the determination of that court, which is reviewable only upon appeal.

[4] ID.—ABSENCE OF FRAUD—VALID ORDER—BELATED COLLATERAL ATTACK.—In the absence of a claim of fraud as to the procurement of the order for the appointment of an administrator, and there

1.  See 9 Cal. Jur. 842; 9 R. C. L. 557.
2.  See 15 Cal. Jur. 93; 15 R. C. L. 868.
3.  See 11 Cal. Jur. 283; 11 R. C. L. 73.
4.  See 11 Cal. Jur. 369; 11 R. C. L. 75.

being no reasonable ground to support a claim that the order is void upon its face, it stands impregnable to collateral attack made almost five years after the issuance of letters of administration.

(1) 4 C. J., p. 883, n. 33; 19 C. J., p. 435, n. 28 New, p. 437, n. 48. (2) 23 C. J., p. 1086, n. 61. (3) 15 C. J., p. 1136, n. 61. (4) 23 C. J., p. 1089, n. 68, p. 1090, n. 80.

APPEAL from an order of the Superior Court of Alameda County denying a motion to dismiss probate proceedings. George Samuels, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. Hugh Sydenham, Wm. Rigby and Fabian H. Hillebrandt for Appellant.

David J. Clark for Respondent.

SEAWELL, J.—This appeal was taken from an order made February 2, 1925, by the superior court of the county of Alameda, denying appellant's motion, as public administrator of the county of Sacramento, for an order dismissing the probate proceedings in the above-entitled matter inaugurated in said county of Alameda, April 20, 1920, wherein letters of administration were regularly issued to respondent by said superior court upon the estate of the decedent, J. M. Spencer, on the thirteenth day of May, 1920. No proceedings for the administration of said estate were pending in any other court of this state. The sole ground of the motion, as stated in the notice, was that said court did not have "jurisdiction of the proceedings." Said notice of motion constituted the first and only objection made by appellant, or by any other person, to the issuance of letters of administration to respondent and it was not made until the expiration of a period of almost five years following the day upon which said letters were issued.

The jurisdictional defects were not specifically pointed out in the notice of motion, but were attempted to be shown by the evidence taken at the hearing of the motion and were grounded upon the claim that the domicile of the decedent at the time of death was in the county of Sacramento and not in the county of Alameda, as found by the probate court of the latter county. The evidence presented

at the hearing from which the court was called upon to determine the question of the domicile or place of residence of said decedent at the time of his death, was very meager. Decedent was a native of the state of Illinois and unmarried. Respondent, Gordon A. Dise, his cousin, was his only known relative residing within this state, or elsewhere, so far as the record shows. The earliest account by anyone who knew decedent as a resident of this state commenced with the year 1913. During that year he registered as an elector of the city of Sacramento and gave as his occupation, "carpenter," and the city of Sacramento as his place of residence. In 1916, he registered as a resident of Natoma, county of Sacramento, and gave as his occupation "dredgman." He became attached to the American forces in the World War sometime thereafter and received wounds or injuries while in the line of duty from which he died at Lincoln, England, in 1918. There is evidence in the record to the effect that at the time of his enlistment, or shortly prior thereto, he was residing at the city of Berkeley, California, where he kept his trunk and his personal effects. Just prior to entering the service he made his cousin, respondent, the custodian of his trunk and personal effects. Said personal property was appraised at the value of $50. He also had on deposit with a bank in the city of Sacramento approximately the sum of $300. He obtained from the government a war risk insurance policy in the sum of $10,000, which constituted by far the greater part of his estate.

There is no room for serious controversy as to the correctness of the statement of facts as above outlined. On the other hand a former acquaintance of the decedent, who was a resident of the county of Sacramento at all the times decedent was a resident thereof, testified that the latter was a resident of said county continuously from 1913 to the day he became attached to the American forces, while his cousin, respondent, testified that decedent was a resident of the city of Berkeley, county of Alameda, during the particular period in dispute. There was proof arising from inferences and also supported by direct evidence tending to sustain the finding that decedent was a resident of Berkeley, county of Alameda, at and immediately prior to the time he was enlisted for active service.

He had no other property, personal or real, than said personal effects which were left with the respondent, at his Oakland home, and moneys on deposit mentioned above. The first person to be informed of the decedent's death was respondent, to whom letters of administration were issued May 13, 1920. A bond in the sum of $510, covering the deposit in bank at Sacramento and the personal property in the county of Alameda, was executed and respondent entered upon the administration of the estate. The estate has been kept open for the purpose of collecting the proceeds of the $10,000 war risk policy issued aforesaid.

[1] It has been heretofore held by this court that the mere fact that one is registered in a certain place and has voted therein is not conclusive evidence upon the question of his domicile. (*Bradley* v. *Davis*, 156 Cal. 267 [104 Pac. 302]; *Quinn* v. *Nevills*, 7 Cal. App. 231 [93 Pac. 1055].) Such a circumstance would be proportionately weakened as evidence if it should be shown that the person whose residence is the subject of inquiry was an unmarried man unattached by domestic or family ties, and was not engaged in any business or employment that would suggest permanency as to a place of abode, and further, that such person, as shown here, had actually changed both his residence and occupation at least once within a period of three years. No presumption could be indulged that a person so circumstanced would continue to live for any great period of time in the place in which he was last registered. The rule that prohibits interference on the part of an appellate court with the orders or findings of the trial court in case of a conflict of evidence as to the establishment of probative facts would alone compel an affirmance of the order. [2] The proceeding before us amounts to nothing more or less than a collateral attack upon a judgment made nearly five years after its entry. The issuable fact as to the residence of the decedent was before the court and upon proofs directed to that point—there being no objection or opposition thereto—the court determined that the decedent was a resident of the county of Alameda at the time of his demise. It cannot be claimed that the judgment or order is void upon its face nor that anyone connected with its procurement was guilty of practicing extrinsic fraud in any manner whatsoever. [3] It has many times been held by this

court that the superior court of the county in which the petition for letters of administration is first filed has exclusive jurisdiction to determine the question as to the residence of the decedent, and the courts of other counties must abide the determination of that court, which is reviewable only upon appeal. Surely, the court had jurisdiction to weigh the evidence and consider its sufficiency to establish the residence of the decedent and if it erred in that respect the proper remedy was by appeal within the time allowed by law. In the instant case no appeal was taken. [4] In the absence of a claim of fraud as to the procurement of the order, and no such claim is made, and there being no reasonable ground to support the claim that the order is void upon its face, it stands impregnable to the belated attack made upon it. (*Estate of Griffith,* 84 Cal. 107 [23 Pac. 528, 24 Pac. 381]; *Estate of Latour,* 140 Cal. 414 [73 Pac. 1070, 74 Pac. 441]; *Estate of Damke,* 133 Cal. 433 [65 Pac. 888]; *Dungan* v. *Superior Court,* 149 Cal. 103 [117 Am. St. Rep. 119, 84 Pac. 767]; *Miller* v. *Superior Court,* 186 Cal. 453 [199 Pac. 805]; *Hill* v. *Superior Court,* 188 Cal. 352 [205 Pac. 430]; 11 Cal. Jur. 355.)

The order appealed from is affirmed.

Richards, J., Curtis, J., Waste, C. J., Shenk, J., Lawlor, J., and Lennon, J., concurred.