[Civ. No. 4632. Third Appellate District.—June 3, 1932.]

In the Matter of the Estate of CARL PETERS, Deceased. CHRISKA MARTINI, Respondent, v. LOUISA BAUER, Appellant.

J. E. Hood and J. S. Blaine for Appellant.

G. P. Hall and Henry J. Soldati for Respondent.

JAMISON, J., *pro tem.*—This appeal is by Louisa Bauer from an order of the Superior Court of Sonoma County, admitting the will of Carl Peters, deceased, to probate. Carl Peters died in the city of Oakland, on June 11, 1931. On June 18, 1931, the will of deceased was filed for probate

in said county of Sonoma, together with a petition for its probate, by the executrix named therein. The will was dated July 2, 1924, and contained the statement that deceased was a resident of Petaluma, California.

It appears, from the order of the court admitting the will to probate, that notice was given of the hearing for the probate of the will, and at the time of the hearing, opposition to the admission of the will to probate in Sonoma County was made by attorneys representing appellant, a sister of deceased, on the ground that decedent, at the time of his death, was a resident of Alameda County. At the same time, the attorney for the executrix asked leave to amend the petition for probate of the will by striking out the word "Alameda", and inserting the word "Sonoma" in lieu thereof, stating that the word "Alameda" had been inadvertently used. This request was granted.

Thereafter, the attorneys for appellant filed a written opposition or contest, and the matter was set down for hearing. The said opposition or contest alleged that the Superior Court of Sonoma County had no jurisdiction to probate the said will for the reason that at the date of his death the decedent was a resident of Alameda County. Upon the hearing, the court made its order admitting the will to probate, and from this order appellant has appealed.

The main question for consideration on this appeal is whether at the date of his death decedent was a resident of the county of Alameda or of the county of Sonoma.

The evidence on the part of the respondent was to the effect that deceased was a laborer, working most of the time as a farm-hand; that in pursuing this occupation he worked on farms in various counties in the state, including Sonoma County; that he was not married, nor a naturalized citizen of the United States; that in 1924 he made his will, declaring therein that Petaluma, in the county of Sonoma, was his home; that when out of work he always returned to Petaluma, where he stayed with his brother, L. R. Peters, or with his niece, the respondent; that he kept his mattress and blankets at the home of his brother, L. R. Peters, and always spent his vacations in Petaluma, and placed his savings in a bank at Petaluma, and did what business he had at that place. In 1925, he was offered a position as poultryman in the Masonic Home at Decoto, Alameda

County, which he accepted and lived there, and continued in that employment until a short time before his death. He died in the county hospital of Alameda County on June 11, 1931, and was buried at Petaluma. That while living at the Masonic Home he spoke of his home as being at Petaluma.

It also appears that he owned a house and lot in Petaluma, which he sold to a niece about two years before his death, on the installment plan, and that these installments, by his request, were deposited in the bank at Petaluma. The trial court found, on conflicting evidence, that Petaluma was, at the date of his death, the place of residence of deceased.

Section 1294 of the Code of Civil Procedure provides that: "Wills must be proved, and letters testamentary, or of administration granted, 1. In the county of which the decedent was a resident at the time of his death, in whatever place he may have died." Section 52 of the Political Code provides that every person has, in law, a residence, "1. It is the place where one remains when not called elsewhere for labor or other special temporary purposes, and to which he returns in seasons of repose. 2. There can only be one residence. 3. A residence cannot be lost until another is gained. 4. The residence can be changed only by the union of act and intent." Absence from one's residence for months, or even for years, on business or pleasure, if all the while the person intends to be absent for a temporary purpose, and to be followed by a resumption of the former residence, is not an abandonment of, or change of residence. (9 R. C. L. 554; 19 Cor. Jur. 423.) If a party has two residences, that will be esteemed his domicile which he himself selects or deems to be his home, or which appears to be the center of his affairs. (*Chambers* v. *Hathaway,* 187 Cal. 104 [200 Pac. 931] ; 9 R. C. L. 558.)

The question of residence or domicile is a mixed question of law and fact, and the determination of the trial court, upon conflicting evidence, is conclusive upon this court. (*Quinn* v. *Nevills,* 7 Cal. App. 231 [93 Pac. 1055] ; *Bradley* v. *Davis,* 156 Cal. 267 [104 Pac. 302].)

We are of the opinion that there was sufficient evidence to uphold the order of the court to the effect that the

decedent was, at the time of his death, a resident of Sonoma County.

Appellant contends that the court erred in refusing to permit the introduction in evidence of the affidavits of F. B. Hartman, the superintendent of the Masonic Home, and Otto Myer, an employee of said home. These affidavits set forth, in substance, that decedent was employed in January, 1925, as poultryman at said home, and thereafter continued in said occupation until a few days prior to his death; that during all that time he lived continuously at said home, except for two or three times a year, when he would be absent for two or three days; that he received his mail, and kept his personal belongings, consisting of clothes, books and papers, at the home, and had his laundry done there, and that he intended to return to the said home and to his said employment, upon his recovery from his illness. The facts set forth in these affidavits were merely cumulative, the statements therein contained having been testified to by other witnesses and they were not denied by respondent.

Under these circumstances we consider it unnecessary to pass upon the question of whether or not the court erred in excluding these affidavits. The evidence is conflicting as to whether decedent regarded Petaluma or the Masonic Home as his residence. The trial court decided this conflict in favor of respondent. Therefore the judgment must be, and it is hereby affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.