[Civ. No. S. C. 43.   Second Appellate District, Division One.—April 10, 1937.]

COMMERCIAL STANDARD INSURANCE COMPANY, Appellant, v. JOE MARGOLIS, etc., et al., Respondents.

Phillip W. Silver and Paul C. Hill for Appellant.

Edward I. Linder and Nathan M. Dicker for Respondents.

SHINN, J., *pro tem.*—In this action by a judgment creditor to set aside a homestead upon real property which he had purchased at execution sale the court decided that prior to the sale the property had been impressed with a valid homestead declared by defendant Alma Margolis for the benefit of herself and her husband, Joseph D. Margolis, the judgment debtor. Plaintiff's judgment thus executed was not obtained before the filing of the declaration nor was the debt one for which a homestead could be sold except by the method prescribed by section 1245 and following sections of the Civil Code under which method a creditor may secure the application upon the judgment of the amount realized upon a sale in excess of the homestead exemption. No proceedings were had under these sections. The court found that at the time the declaration was made and filed Alma Margolis and her husband were actually residing upon the homestead premises. Judgment was in favor of said defendants upon their cross-complaint to quiet title against the claims of plaintiff, evidenced by the sheriff's certificate of sale, and plaintiff appeals.

■ Appellant assails the finding that the declarant and her husband actually resided upon the premises as being unsupported by the evidence. The argument presented here is such as should have been and doubtless was presented to the trial court. We have read the extensive quotations from the record contained in the briefs. The testimony shows that the parties had two places of abode in different sections of the city: one the dwelling house in question and the other an apartment. It appears that the dwelling house had been the home of Joseph D. Margolis for ten years or more although in later years he had maintained a room or an apartment elsewhere. He and his wife spent a considerable part of their time, principally week-ends, in the dwelling house where other members of the husband's family also resided. The husband and wife kept their furniture and some of their clothing in the dwelling house and it appears that they occupied an apartment as well principally for the reason that the dwelling house was located at some distance from the site of the husband's business activities, in which the wife acted as his assistant, whereas the apartment was conveniently close to the place of business.

The court weighed this evidence against evidence that Joseph D. Margolis some two years prior to the filing of the declaration of homestead made affidavit when registering as a voter that he resided at the apartment address. The trial court was confronted with conflicting evidence from which it had to determine the intent of the parties with reference to the matter of residence and the court's conclusion that the dwelling house was considered their permanent abode and the other a temporary one, only, was not unreasonable.

Under all of the circumstances in evidence, the finding as to residence is brought within the rule which requires us to accept the trial court's determination as final upon the question of mixed law and fact involved. (*Quinn* v. *Nevills*, 7 Cal. App. 231 [93 Pac. 1055]; *Bradley* v. *Davis*, 156 Cal. 267 [104 Pac. 302]; *Estate of Peters*, 124 Cal. App. 75 [12 Pac. (2d) 118].)

Judgment is affirmed; the appeal from the order denying a new trial is dismissed.

York, Acting P. J., and Doran, J., concurred.